■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BENNY SMITH, Appellant. [911 NYS2d 451]—

Appeal by the defendant from an order of the Supreme Court, Kings County (Firetog, J.), dated November 27, 2007, which, after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C.

Ordered that the order is affirmed, without costs or disbursements.

The defendant was convicted, upon a plea of guilty, of attempted rape in the first degree. In evaluating the defendant for registration as a sex offender, the New York State Board of Examiners of Sex Offenders (hereinafter the Board) assessed the defendant as a presumptive level three sexually violent offender based upon a total risk factor score on the risk assessment instrument (hereinafter RAI) of 115 points.

At a hearing pursuant to the Sex Offender Registration Act (Correction Law art 6-C; hereinafter SORA), the defendant challenged the Board's recommended score of 10 points assessed under risk factor 12, "acceptance of responsibility," claiming that the record was devoid of any evidence that he did not accept responsibility for the crime, and that the People failed to prove facts supporting the imposition of points in that category by clear and convincing evidence (Correction Law § 168-n [3]; see People v Mingo, 12 NY3d 563 [2009]). The defendant claimed that his acceptance of responsibility was shown by his admission of guilt both at the time he was arrested and at the plea proceedings. In addition, the defendant admitted his guilt to probation and told them his actions "[i]n my way . . . w[ere] a cry for help," and at the SORA hearing the defendant informed the Supreme Court that his actions were wrong and that he was sorry.

The People argued that the Board's recommendation of 10 points for failing to accept responsibility was correct because the defendant's statement of remorse at the SORA hearing lacked credibility and was only made in response to the Supreme Court's statement that his admission of guilt was not the equivalent of a genuine acceptance of responsibility.

The Supreme Court stated that it accepted part of the People's argument and part of the defense's argument, and decided to assign a midrange value of 5 points in the category of acceptance of responsibility, rather than the 10 points required by the Risk Assessment Guidelines and Commentary or 0 points if

it found that the People failed to meet their burden of proof. With 5 points deducted from the Board's recommended score, the defendant still scored a total of 110 points. Based upon his score, the Supreme Court designated the defendant a level three sex offender.

On appeal, the defendant asserts that the imposition of any points under risk factor 12 was not supported by clear and convincing evidence, and that the Supreme Court incorrectly assigned a midrange value of 5 points, rather than assessing him 0 points, which would have put his total score into the risk level two category.

We agree with the defendant that the Guidelines do not provide for midrange scoring and that the Supreme Court erred in not assigning a proper point score of either 10 points or 0 points for risk factor 12. The RAI was promulgated based upon a system of specified point allocations within the various risk categories. Those delineated point scores are an objective method of determining a sex offender's risk level and are meant to be used by the Board and the courts. "[T]he Board opted to create an objective assessment instrument that would provide a risk level combining risk of reoffense and danger posed by a sex offender" (Sex Offender Registration Act: Risk Assessment Guidelines and Commentary, at 3 [2006]). The appendix to the Guidelines states that "the Board modified the draft assessment instrument in an effort to make it as objective as possible" (*id.* at 23). The commentary is clear that specified numerical values are to be utilized for each risk factor and "[w]here the category does not apply to the offender, he should be scored 0 points" (*id.* at 3 n 5). There is no provision or discussion in the Guidelines of a range of points in each category. The Supreme Court's compromise to assess 5 points rather than 10 or 0 for risk factor 12 frustrates the balance of values that the Board took into consideration when formulating the RAI.

Although the Supreme Court improperly assessed the defendant 5 points, our review of the hearing evidence, including the facts contained in the presentence report, the case summary prepared by the Board, and the RAI, demonstrates that the People presented clear and convincing evidence that the defendant had not accepted responsibility for his conduct (*see People v Garcia*, 56 AD3d 539 [2008]; *People v Alvarez*, 49 AD3d 704 [2008]; *People v Lawless*, 44 AD3d 738 [2007]). The defendant's failure to show acceptance of responsibility in his probation interview, and his late expression of remorse at the SORA hearing which appeared to be a last minute attempt to escape the imposition of points, reflects that the defendant was properly

assessed 10 points by the Board (*see People v Peana*, 68 AD3d 737 [2009]).

Therefore, the determination of the Supreme Court to designate the defendant a level three sex offender should not be disturbed (*see People v Pardo*, 50 AD3d 992 [2008]). Rivera, J.P., Angiolillo, Roman and Sgroi, JJ., concur.