■ The People of the State of New York, Respondent, v Julio Valdez, Appellant. [996 NYS2d 727]—

Appeal by the defendant from an order of the Supreme Court, Kings County (Sullivan, J.), dated August 27, 2008, which, after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C.

Ordered that the order is affirmed, without costs or disbursements.

The People bear of the burden of establishing, by clear and convincing evidence, the facts supporting the assessment of points under the Guidelines issued by the Board of Examiners of Sex Offenders under New York's Sex Offender Registration Act (hereinafter SORA) (*see* Correction Law § 168 *et seq.*; Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 5 [2006]; *People v Harris*, 100 AD3d 727, 727 [2012]; *People v Thompson*, 95 AD3d 977, 977 [2012]). Here, contrary to the defendant's contentions, the hearing court properly assessed 15 points under risk factor 11 (Drug or Alcohol Abuse) (*see People v Zavala*, 114 AD3d 653, 654 [2014]), and under risk factor 12 (Acceptance of Responsibility/Expelled from Treatment) (*see People v Smith*, 78 AD3d 917, 917 [2010]). Indeed, the defendant admitted his long-term substance abuse to the New York City Probation Department when it prepared its presentence report. Additionally, the defendant's statement

that he did not know the victim's age was not credible under the circumstances of this case, and constituted an attempt to minimize responsibility. Further, the defendant was expelled from a sex offender treatment program before he was imprisoned. Under these circumstances, the evidence was clear and convincing that the defendant had not accepted responsibility for his sex crime (*see People v Smith*, 78 AD3d at 917). Finally, as the defendant failed to identify a mitigating factor that was not adequately taken into account under the Guidelines, a downward departure would not have been proper, and the Supreme Court correctly refused to downwardly depart from the defendant's presumptive risk level (*see People v Goods*, 121 AD3d 660 [2014]; *People v Sooknanan*, 119 AD3d 540, 540 [2014]). Balkin, J.P., Hall, Austin and Barros, JJ., concur.