■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NATHANIEL LATHAN, Appellant. [8 NYS3d 921]—Appeal by the defendant from an order of the County Court, Suffolk County (Kahn, J.), dated August 7, 2014, which, after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C.

Ordered that the order is affirmed, without costs or disbursements.

In the determination of a defendant's risk level pursuant to the Sex Offender Registration Act (*see* Correction Law art 6-C [hereinafter SORA]), "[a] downward departure from a sex offen-

der's presumptive risk level generally is only warranted where there exists a mitigating factor of a kind, or to a degree, that is not otherwise adequately taken into account by the SORA Guidelines" (*People v Watson*, 95 AD3d 978, 979 [2012]; *see* Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 4 [2006]). A defendant seeking a downward departure has the initial burden of "(1) identifying, as a matter of law, an appropriate mitigating factor, namely, a factor which tends to establish a lower likelihood of reoffense or danger to the community and is of a kind, or to a degree, that is otherwise not adequately taken into account by the Guidelines; and (2) establishing the facts in support of its existence by a preponderance of the evidence" (*People v Wyatt*, 89 AD3d 112, 128 [2011]; *see People v Gillotti*, 23 NY3d 841, 861 [2014]).

Here, the defendant failed to establish the existence of any mitigating factors warranting a downward departure (*see People v Ciudadreal*, 125 AD3d 950, 950 [2015]; *People v Goodwin*, 49 AD3d 619, 620-621 [2008]; *see also People v Beers*, 124 AD3d 741, 741 [2015]; *People v Valdez*, 123 AD3d 785, 786 [2014]). Accordingly, contrary to the defendant's contention, the County Court correctly denied his application for a downward departure from his presumptive risk level (*see People v Valdez*, 123 AD3d at 786). Mastro, J.P., Balkin, Sgroi and Miller, JJ., concur.