■ The People of the State of New York, Respondent, v Leon Hutchinson, Appellant. [18 NYS3d 612]—

Order, Supreme Court, New York County (Abraham L. Clott, J.), entered on or about May 28, 2013, which adjudicated defendant a level three sexually violent offender pursuant to the Sex Offender Registration Act (Correction Law art 6-C), unanimously affirmed, without costs.

The court properly assessed 10 points under the risk factor for failure to accept responsibility. In the underlying 1976 crime, defendant robbed a woman in an elevator and forced her to the roof of the building, where he beat her and committed sex crimes. In his statement to the probation department, defendant accused his rape victim of lying about the incident, and contended that he had engaged in prior sexual contact

with her. Defendant's first expression of anything resembling remorse came 37 years later, in connection with the sex offender proceedings. The court properly found that defendant had not genuinely accepted responsibility for the 1976 offense (*see People v Smith*, 78 AD3d 917 [2d Dept 2010], *lv denied* 16 NY3d 707 [2011]).

In any event, the record supports the court's determination that, regardless of whether defendant's correct point score should be 100 or 110, an upward departure to level three is warranted (*see generally People v Gillotti*, 23 NY3d 841 [2014]). The risk assessment instrument did not adequately take into account the seriousness of defendant's criminal history and misconduct while under parole supervision. In particular, defendant committed a murder, under extremely egregious circumstances, within eight months of his release from incarceration on the 1976 rape conviction. Moreover, defendant has been incarcerated for most of his life, and his claim of a diminished risk of reoffense is unpersuasive. Concur—Mazzarelli, J.P., Acosta, Saxe and Richter, JJ.