◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KHARON K. PARKER, Appellant. [30 NYS3d 914]—Appeal by the defendant from an order of the County Court, Suffolk County (Kahn, J.), dated February 23, 2015, which, after a hearing,

designated him a level two sex offender pursuant to Correction Law article 6-C.

Ordered that the order is affirmed, without costs or disbursements.

The defendant appeals from an order designating him a level two sex offender pursuant to the Sex Offender Registration Act (Correction Law § 168 *et seq.*), contending only that the County Court improperly assessed him with 10 points under risk factor 12 of the risk assessment instrument for not accepting responsibility for his conduct.

Contrary to the defendant's contention, there was clear and convincing evidence that he minimized his conduct and thus did not genuinely accept responsibility for the acts which led to his conviction (*see People v Stapleton*, 125 AD3d 951 [2015]; *People v Dixon*, 125 AD3d 622 [2015]; *People v Dallas*, 122 AD3d 698 [2014]). The fact that the defendant was expelled from a sex offender treatment program is evidence of the defendant's continued denial and his unwillingness to alter his behavior (*see* Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 16 [2006]; *People v Valdez*, 123 AD3d 785, 786 [2014]; *People v Mabee*, 69 AD3d 820, 821 [2010]; *People v Brister*, 38 AD3d 634 [2007]).

Accordingly, the County Court properly designated the defendant a level two sex offender. Mastro, J.P., Chambers, Dickerson and Connolly, JJ., concur.