■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MITCHELL MARTINEZ, Appellant. [40 NYS3d 45]—

Order, Supreme Court, Bronx County (Richard Lee Price, J.), entered on or about February 16, 2012, which adjudicated defendant a level two sex offender pursuant to the Sex Offender Registration Act (Correction Law art 6-C), unanimously modified, on the law, to the extent of reducing the adjudication to that of a level one offender, and otherwise affirmed, without costs.

The court erred in assessing five points under the risk factor for a history of drug abuse, since only an assessment of 15 or 0 points under this factor is authorized by the Risk Assessment Guidelines and Commentary (*see People v Smith*, 78 AD3d 917, 918 [2d Dept 2010], *lv denied* 16 NY3d 707 [2011]). Moreover, the court improperly exercised its discretion in assessing any points under this factor, since defendant had undisputedly abstained from drug use for about 20 years after joining Narcotics Anonymous (*see People v Ferrer*, 69 AD3d 513, 515 [1st Dept 2010], *lv denied* 14 NY3d 709 [2010]), and we reject the People's arguments on this issue.

The People also failed to present clear and convincing evidence supporting the assessment of 10 points under the risk factor for an inappropriate employment situation. Defendant's trial testimony that he was a breakdancing instructor with students mostly under 18 during the period from 2008 to 2010, did not establish that defendant's employment upon his release in 2012 would involve exposure to children in violation of his probation conditions.

Accordingly, defendant's correct point score is 70 points, resulting in a level one adjudication. We find it unnecessary to reach any other issues. Concur—Mazzarelli, J.P., Acosta, Richter, Kapnick and Gesmer, JJ.