■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DOUGLAS WARREN, Appellant. [54 NYS3d 871]—

Appeal by the defendant from an order of the County Court, Suffolk County (Kahn, J.), dated August 28, 2016, which, after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C.

Ordered that the order is affirmed, without costs or disbursements.

The County Court properly rejected the defendant's request for a downward departure from the presumptive risk level. A court determining a defendant's risk level under the Sex Offender Registration Act (hereinafter SORA) may not downwardly depart from the presumptive risk level unless the defendant first identifies and proves by a preponderance of the evidence the facts in support of "a mitigating factor of a kind, or to a degree, that is not otherwise adequately taken into account by the SORA Guidelines" (*People v Lathan*, 129 AD3d 686, 686-687 [2015]; *see* SORA: Risk Assessment Guidelines and Commentary at 4 [2006]). Here, the defendant failed to identify a proper mitigating factor (*see People v Rodriguez*, 145 AD3d 489, 490 [2016]; *People v Roldan*, 140 AD3d 411, 412 [2016]). The defendant's contention that use of the risk assessment instrument violated due process is without merit (*see People v Ferrer*, 69 AD3d 513, 514 [2010]; *cf. People v McFarland*, 29 Misc 3d 1206[A], 2010 NY Slip Op 51705[U] [Sup Ct, NY County 2010], *affd* 88 AD3d 547 [2011]; *cf. generally* New York City Bar Association, Report on Legislation by the Criminal Courts Committee, the Criminal Justice Operations Committee, the Criminal Law Committee, and the Corrections and Community Reentry Committee, A2190, S3097 [reissued June 2015], available at http://www2.nycbar.org/pdf/report/uploads/20072469-SexOffenderRegistrationActReport.pdf [accessed June 15, 2017]). Balkin, J.P., Chambers, Maltese and Duffy, JJ., concur.