People v Jolley (2017 NY Slip Op 07469)





People v Jolley


2017 NY Slip Op 07469


Decided on October 25, 2017


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 25, 2017
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
SYLVIA O. HINDS-RADIX
COLLEEN D. DUFFY
FRANCESCA E. CONNOLLY, JJ.


2015-02689

[*1]People of State of New York, respondent,
v
Matthew Jolley, appellant.


Seymour W. James, Jr., New York, NY (Kerry Elgarten of counsel), for appellant.
Eric Gonzalez, Acting District Attorney, Brooklyn, NY (Leonard Joblove, Morgan J. Dennehy, and Joyce Adolfsen of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Kings County (Brennan, J.), dated November 12, 2014, which, after a hearing, designated him a level two sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
The Supreme Court properly rejected the defendant's request for a downward departure from the presumptive risk level (see Correction Law article 6-C; hereinafter SORA). A court determining a defendant's risk level under SORA may not downwardly depart from the presumptive risk level unless the defendant first identifies, and then proves by a preponderance of the evidence, the facts in support of, "a mitigating factor of a kind, or to a degree, that is not otherwise adequately taken into account by the SORA Guidelines" (People v Lathan, 129 AD3d 686, 686-687; see People v Warren, 152 AD3d 551, 551; Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 4 [2006]). Here, the defendant failed to identify a proper mitigating factor (see People v Warren, 152 AD3d at 551; People v Rodriguez, 145 AD3d 489, 490; People v Roldan, 140 AD3d 411, 412). Accordingly, there was no basis for a downward departure, and the court properly designated the defendant a level two sex offender (see People v Warren, 152 AD3d at 551).
BALKIN, J.P., HINDS-RADIX, DUFFY and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court