People v Crosby (2018 NY Slip Op 00448)





People v Crosby


2018 NY Slip Op 00448


Decided on January 24, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 24, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
L. PRISCILLA HALL
SYLVIA O. HINDS-RADIX
LINDA CHRISTOPHER, JJ.


2016-10765

[*1]People of State of New York, respondent,
v
Timothy Crosby, appellant.


Seymour W. James, Jr., New York, NY (Michael C. Taglieri of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Morgan J. Dennehy, and Daniel Berman of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Kings County (Michael J. Brennan, J.), dated October 5, 2016, which, after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
In this proceeding pursuant to the Sex Offender Registration Act (see Correction Law art 6-C; hereinafter SORA), the Supreme Court assessed the defendant 120 points on the risk assessment instrument, within the range for a presumptive designation as a level three sex offender. Additionally, the court denied the defendant's request for a downward departure from that presumptive risk level, and it designated him a level three sex offender. On appeal, the defendant challenges the court's denial of his request for a downward departure.
The Supreme Court properly rejected the defendant's request for a downward departure. A court determining a defendant's risk level under SORA may not downwardly depart from the presumptive risk level unless the defendant first identifies, and proves by a preponderance of the evidence the facts in support of, "a mitigating factor of a kind, or to a degree, that is not otherwise adequately taken into account by the SORA Guidelines" (People v Lathan, 129 AD3d 686, 686-687 [internal quotation marks omitted]; see People v Warren, 152 AD3d 551, 551; SORA: Risk Assessment Guidelines and Commentary at 4 [2006]). Here, the defendant failed to identify a valid mitigating factor (see People v Warren, 152 AD3d at 551). Accordingly, there was no basis for a downward departure, and the court properly designated the defendant a level three sex offender.
BALKIN, J.P., HALL, HINDS-RADIX and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court