People v Young (2018 NY Slip Op 01346)





People v Young


2018 NY Slip Op 01346


Decided on February 28, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 28, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
SHERI S. ROMAN
SANDRA L. SGROI
VALERIE BRATHWAITE NELSON, JJ.


2015-06805

[*1]People of State of New York, respondent,
v
Marlon Young, appellant.


Paul Skip Laisure, New York, NY (Kathleen Whooley of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Anthea H. Bruffee of counsel; Felix O. De Jesus on the brief), for respondent.



DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Kings County (Michael J. Brennan, J.), dated July 14, 2015, which, after a hearing, designated him a level two sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
The defendant was convicted of course of sexual conduct against a child in the second degree and endangering the welfare of a child. Prior to his release from prison, the Board of Examiners of Sex Offenders presumptively classified the defendant as a level two sex offender in accordance with the Sex Offender Registration Act (see Correction Law art 6-C; hereinafter SORA). At a SORA hearing, the defendant argued in favor of a downward departure. The Supreme Court denied that application and designated the defendant a level two sex offender. The defendant appeals.
"A court determining a defendant's risk level under [SORA] may not downwardly depart from the presumptive risk level unless the defendant first identifies and proves by a preponderance of the evidence the facts in support of a mitigating factor of a kind, or to a degree, that is not otherwise adequately taken into account by the SORA Guidelines'" (People v Warren, 152 AD3d 551, 551, quoting People v Lathan, 129 AD3d 686, 686-687; see SORA: Risk Assessment Guidelines and Commentary [2006] [hereinafter Guidelines]; People v Gillotti, 23 NY3d 841, 861; People v Rocano-Quintana, 149 AD3d 1114). Here, the defendant failed to identify the existence of any such mitigating factor (see Guidelines; People v Curry, _____ AD3d _____, 2017 NY Slip Op 09184 [2d Dept 2017]; People v Warren, 152 AD3d 551; People v Rocano-Quintuna, 149 AD3d at 1115; People v Nieves, 149 AD3d 881; People v Mercer, 148 AD3d 1187; People v Rose, 146 AD3d 911; People v Alexander, 144 AD3d 1008; People v Vizcarra, 138 AD3d 815).
The defendant's remaining contention is without merit.
Accordingly, the defendant was properly designated a level two sex offender.
AUSTIN, J.P., ROMAN, SGROI and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court