People v Williams (2018 NY Slip Op 01629)





People v Williams


2018 NY Slip Op 01629


Decided on March 14, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 14, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
LEONARD B. AUSTIN
SANDRA L. SGROI
BETSY BARROS, JJ.


2015-02733

[*1]People of State of New York, respondent,
v
Demetrius Williams, appellant.


Seymour W. James, Jr., New York, NY (Kerry Elgarten of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Morgan J. Dennehy, and Daniel Berman of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Kings County (Michael J. Brennan, J.), dated December 10, 2014, which, after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is reversed, on the law, without costs or disbursements, and the matter is remitted to the Supreme Court, Kings County, for a new hearing and a new determination in accordance herewith before a different Justice.
"A court determining a defendant's risk level under the Sex Offender Registration Act (hereinafter SORA) may not downwardly depart from the presumptive risk level unless the defendant first identifies and proves by a preponderance of the evidence the facts in support of a mitigating factor of a kind, or to a degree, that is not otherwise adequately taken into account by the SORA Guidelines'" (People v Warren, 152 AD3d 551, 551, quoting People v Lathan, 129 AD3d 686, 687; see People v Gillotti, 23 NY3d 841, 861; People v Wyatt, 89 AD3d 112, 128; see also Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 4 [2006]).
In this case, during the SORA hearing, the Supreme Court improperly, sua sponte, curtailed the defendant's testimony and arguments in support of, inter alia, his request for a downward departure. Accordingly, we reverse the order appealed from, and remit for a new hearing and a new determination in accordance herewith.
The defendant's remaining contentions are without merit.
DILLON, J.P., AUSTIN, SGROI and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court