People v Morales (2018 NY Slip Op 01626)





People v Morales


2018 NY Slip Op 01626


Decided on March 14, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 14, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
JEFFREY A. COHEN
ROBERT J. MILLER
BETSY BARROS, JJ.


2013-08524

[*1]People of State of New York, respondent, 
v
Nazario Morales, appellant.


Paul Skip Laisure, New York, NY (Meredith S. Holt of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Morgan J. Dennehy, and Kenneth Blake of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Kings County (Sullivan, J.), dated August 22, 2013, which, after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
The Supreme Court properly denied the defendant's request for a downward departure from the presumptive risk level. "A court determining a defendant's risk level under the Sex Offender Registration Act (hereinafter SORA) may not downwardly depart from the presumptive risk level unless the defendant first identifies and proves by a preponderance of the evidence the facts in support of a mitigating factor of a kind, or to a degree, that is not otherwise adequately taken into account by the SORA Guidelines'" (People v Warren, 152 AD3d 551, 551, quoting People v Lathan, 129 AD3d 686, 687; see People v Gillotti, 23 NY3d 841, 861; People v Wyatt, 89 AD3d 112, 128; see also Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 4 [2006]). Here, the defendant failed to identify a proper mitigating factor at the SORA hearing (see People v Warren, 152 AD3d at 551; People v Rodriguez, 145 AD3d 489, 490; People v Roldan, 140 AD3d 411, 412).
Contrary to the defendant's contentions, his scores on risk assessments known as the Static-99 and Static-99R are not by themselves sufficient for a downward departure because, unlike the SORA Risk Assessment Instrument, the Static-99 and Static-99R assessments do not take into account the nature of the sexual contact with the victim or the potential harm that could be caused in the event of reoffense (see People v Rodriguez, 145 AD3d at 490; People v Roldan, 140 AD3d at 412). The defendant's contentions that he is entitled to a downward departure based upon mitigating circumstances, including, inter alia, his age upon release and his successful rehabilitation while incarcerated, are unpreserved for appellate review, as he failed to raise them at the SORA hearing (see People v Uphael, 140 AD3d 1143, 1144-1145; People v Rosales, 133 AD3d 733; People v Angelo, 3 AD3d 482).
RIVERA, J.P., COHEN, MILLER and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court