People v Hallett (2018 NY Slip Op 01625)





People v Hallett


2018 NY Slip Op 01625


Decided on March 14, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 14, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
JEFFREY A. COHEN
ROBERT J. MILLER
BETSY BARROS, JJ.


2015-04847

[*1]People of State of New York, respondent,
v
Jeffrey Hallett, appellant.


Paul Skip Laisure, New York, NY (Rebecca J. Gannon of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Anthea H. Bruffee of counsel; Alexander Brennan on the brief), for respondent.



DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Kings County (Mondo, J.), dated May 29, 2015, which, after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
Contrary to the defendant's contention, he was not entitled to a downward departure from his presumptive risk level. "A court determining a defendant's risk level under the Sex Offender Registration Act (hereinafter SORA) may not downwardly depart from the presumptive risk level unless the defendant first identifies and proves by a preponderance of the evidence the facts in support of a mitigating factor of a kind, or to a degree, that is not otherwise adequately taken into account by the SORA Guidelines'" (People v Warren, 152 AD3d 551, 551, quoting People v Lathan, 129 AD3d 686, 687; see People v Gillotti, 23 NY3d 841, 861; People v Wyatt, 89 AD3d 112, 128; see also Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 4 [2006]).
While a defendant's response to treatment may qualify as a ground for a downward departure where the response is exceptional (see People v Washington, 84 AD3d 910, 911), here, the defendant failed to establish by a preponderance of the evidence that his response to treatment was exceptional (see People v Velasquez, 145 AD3d 924, 924; People v Wallace, 144 AD3d 775, 776, affd 26 NY3d 1129; People v Figueroa, 138 AD3d 708, 709). Accordingly, the Supreme Court properly denied his request for a downward departure and designated him a level three sex offender.
RIVERA, J.P., COHEN, MILLER and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court