People v Buculei (2018 NY Slip Op 03383)





People v Buculei


2018 NY Slip Op 03383


Decided on May 9, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 9, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
ROBERT J. MILLER
VALERIE BRATHWAITE NELSON
ANGELA G. IANNACCI, JJ.


2017-06856

[*1]People of State of New York, respondent, 
v
Catalin Buculei, appellant.


Randall D. Unger, Bayside, NY, for appellant.
Richard A. Brown, District Attorney, Kew Gardens, NY (John M. Castellano, Johnnette Traill, and William H. Branigan of counsel; Deanna Russo on the brief), for respondent.



DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Queens County (Steven W. Paynter, J.), dated June 12, 2017, which, after a hearing, designated him a level two sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
The People bear of the burden of establishing, by clear and convincing evidence, the facts supporting the assessment of points under the Guidelines issued by the Board of Examiners of Sex Offenders under New York's Sex Offender Registration Act (hereinafter SORA; Correction Law § 168-n[3]).
Here, contrary to the defendant's contention, the Supreme Court properly assessed 20 points under risk factor 7 (relationship with victim), as the hearing evidence was clear and convincing that the defendant met the child victim on the Internet and established a relationship with her for the primary purpose of victimizing her (see SORA: Risk Assessment Guidelines and Commentary [2006; hereinafter Guidelines] at 12; United States v Buculei, 262 F3d 322 [4th Cir] [affirming the defendant's convictions on appeal]). The court also properly assessed 10 points under risk factor 12 (acceptance of responsibility). The federal probation report included statements in which the defendant denied intending to have sexual contact with the victim or to videotape her, and there was no evidence of any subsequent acceptance of responsibility (see Guidelines at 15-16). Thus, the evidence was clear and convincing that the defendant did not accept responsibility for his conduct (see People v Hutchinson, 132 AD3d 606, 607; People v Valdez, 123 AD3d 785, 786; People v Smith, 78 AD3d 917, 918; People v Palladino, 46 AD3d 864, 865).
The defendant's remaining contention is without merit.
Accordingly, the Supreme Court properly designated the defendant a level two sex offender.
RIVERA, J.P., MILLER, BRATHWAITE NELSON and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court