People v Lopez (2021 NY Slip Op 02427)





People v Lopez


2021 NY Slip Op 02427


Decided on April 21, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 21, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
ROBERT J. MILLER
COLLEEN D. DUFFY
HECTOR D. LASALLE
PAUL WOOTEN, JJ.


2019-01401

[*1]People of State of New York, respondent,
v
Erwin Lopez, appellant.


Paul Skip Laisure, New York, NY (Sean H. Murray of counsel), for appellant.
Melinda Katz, District Attorney, Kew Gardens, NY (Johnnette Traill and Christopher J. Blira-Koessler of counsel; Lorrie A. Zinno on the brief), for respondent.



DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Queens County (Stephanie Zaro, J.), dated January 16, 2019, which, after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
"A court determining a defendant's risk level under the Sex Offender Registration Act (hereinafter SORA) may not downwardly depart from the presumptive risk level unless the defendant first identifies and proves by a preponderance of the evidence the facts in support of 'a mitigating factor of a kind, or to a degree, that is not otherwise adequately taken into account by the SORA Guidelines'" (People v Warren, 152 AD3d 551, 551, quoting People v Lathan, 129 AD3d 686, 687 [internal quotation marks omitted]; see People v Gillotti, 23 NY3d 841, 861; People v Wyatt, 89 AD3d 112, 128; see also Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 4 [2006] [hereinafter Guidelines]). Only if this showing is made does the SORA court have the "discretion to grant or deny the departure application based upon an examination of all circumstances relevant to the offender's risk of reoffense and danger to the community" (People v Wyatt, 89 AD3d at 128; see People v Rocano-Quintuna, 149 AD3d 1114, 1115; People v Kohout, 145 AD3d 922).
Contrary to the defendant's contention, he failed to sustain his burden of proof in support of his application for a downward departure. Although an offender's response to treatment if exceptional can be the basis for a downward departure (see Guidelines at 17; People v Hawthorne, 158 AD3d 651, 653-654; People v Washington, 84 AD3d 910, 911), here, the evidence at the hearing failed to demonstrate by a preponderance of the evidence that the defendant's response to treatment was exceptional.
The defendant's remaining contentions are either improperly raised for the first time on appeal or without merit.
Accordingly, the Supreme Court properly designated the defendant a level three sex offender.
CHAMBERS, J.P., MILLER, DUFFY, LASALLE and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court