People v Williams (2022 NY Slip Op 05047)

People v Williams

2022 NY Slip Op 05047

Decided on August 24, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 24, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
FRANCESCA E. CONNOLLY
SHERI S. ROMAN
JOSEPH J. MALTESE, JJ.

2019-06820

[*1]The People of the State of New York, respondent,
v
James Williams, appellant.

Twyla Carter, New York, NY (Steven R. Berko of counsel), for appellant.
Melinda Katz, District Attorney, Kew Gardens, NY (Johnnette Traill and William H. Branigan of counsel; Victoria Randall on the brief), for respondent.

DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Queens County (Richard L. Buchter, J.), dated May 30, 2019, which, after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
On February 11, 2015, the defendant was convicted, upon his plea of guilty, of attempted assault in the second degree (Penal Law §§ 110.00, 120.05[6]) and rape in the third degree (id. § 130.25[3]). After a hearing pursuant to the Sex Offender Registration Act (Correction Law art 6-C; hereinafter SORA), the Supreme Court assessed the defendant 115 points, presumptively placing him within the level three designation, denied his request for a downward departure from his presumptive risk level, and designated him a level three sex offender. The defendant appeals.
Contrary to the defendant's contention, the Supreme Court's assessment of 10 points under risk factor 12 on the ground that the defendant had not accepted responsibility for his crime was supported by clear and convincing evidence (see People v Benitez, 140 AD3d 1140, 1140-1141; People v Valdez, 123 AD3d 785, 785-786; People v Mosley, 106 AD3d 1067, 1068; People v Smith, 78 AD3d 917, 918-919).
The defendant's contention that a downward departure was warranted based on the fact he has not been arrested for, or convicted of, another sex offense since his release from custody is without merit. "Although lengthy periods of time during which the defendant has been at liberty after the offense are not taken into account by the Guidelines or the Risk Assessment Instrument [hereinafter RAI]" (People v Sprinkler, 162 AD3d 802, 803; see Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 4 [2006] [hereinafter Guidelines]), the defendant, who had only been at liberty for approximately three years at the time of the SORA hearing, failed to establish by a preponderance of the evidence that this short period of time at liberty without reoffense demonstrated that the RAI overstated his risk of reoffense (see People v Williams, 204 AD3d 710). Moreover, the defendant's contention that he was assessed a points total near the low range of the level three parameters, by itself, does not constitute grounds for a downward departure (see People v Nicholson, 195 AD3d 758, 759; People v Zapata, 186 AD3d 761, 672).
DILLON, J.P., CONNOLLY, ROMAN and MALTESE, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court