People v Tzintzun-Frias (2022 NY Slip Op 06506)

People v Tzintzun-Frias

2022 NY Slip Op 06506

Decided on November 16, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 16, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
ROBERT J. MILLER
DEBORAH A. DOWLING
BARRY E. WARHIT, JJ.

2020-07166

[*1]The People of the State of New York, respondent,
v
Jose Tzintzun-Frias, appellant. 

Twyla Carter, New York, NY (Whitney Elliott of counsel), for appellant.
Michael E. McMahon, District Attorney, Staten Island, NY (Morrie I. Kleinbart of counsel; Margaret Myaskovskaya on the brief), for respondent.

DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Richmond County (Alexander Jeong, J.), dated August 14, 2020, which, after a hearing, designated him a level two sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
The Supreme Court properly assessed 15 points under risk factor 14 (release without supervision). The assessment of these points was supported by clear and convincing evidence that the defendant would be imminently deported, including the case summary prepared by the Board of Examiners of Sex Offenders and an order from a United States Immigration Court directing that the defendant be removed from the United States (see People v Mingo, 12 NY3d 563, 573-574; People v Mendez, 207 AD3d 480, 481-482; People v Vasquez, 189 AD3d 1480, 1481).
In addition, the Supreme Court properly denied the defendant's application for a downward departure from his presumptive risk level. "A court determining a defendant's risk level under the Sex Offender Registration Act (hereinafter SORA) may not downwardly depart from the presumptive risk level unless the defendant first identifies and proves by a preponderance of the evidence the facts in support of 'a mitigating factor of a kind, or to a degree, that is not otherwise adequately taken into account by the SORA Guidelines'" (People v Warren, 152 AD3d 551, 551, quoting People v Lathan, 129 AD3d 686, 686-687; see People v Gillotti, 23 NY3d 841, 861; People v Wyatt, 89 AD3d 112, 128; see also Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 4 [2006]). Only if this showing is made does the SORA court have the "discretion to grant or deny the departure application based upon an examination of all circumstances relevant to the offender's risk of reoffense and danger to the community" (People v Wyatt, 89 AD3d at 128; see People v Lopez, 193 AD3d 992, 992). Here, since the factors identified by the defendant were not proven by a preponderance of the evidence, the court properly denied the defendant's application for a downward departure from his presumptive risk level (see People v Rodriguez, 159 AD3d 842, 842; People v Jamison, 127 AD3d 947, 948).
DUFFY, J.P., MILLER, DOWLING and WARHIT, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court