People v Avendano (2023 NY Slip Op 06263)

People v Avendano

2023 NY Slip Op 06263

Decided on December 6, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 6, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
CHERYL E. CHAMBERS
WILLIAM G. FORD
LOURDES M. VENTURA, JJ.

2022-09851

[*1]The People of the State of New York, respondent,
v
Cesar Avendano, appellant.

Patricia Pazner, New York, NY (Anna V. Boksenbaum of counsel), for appellant.
Michael E. McMahon, District Attorney, Staten Island, NY (Morrie I. Kleinbart and Thomas B. Litsky of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Richmond County (Mario Francis Mattei, J.), dated February 19, 2021, which, after a hearing, designated him a level two sex offender pursuant to Correction Law article 6-c.
ORDERED that the order is affirmed, without costs or disbursements.
The defendant was convicted, upon his plea of guilty, of course of sexual conduct against a child in the first degree. After a hearing pursuant to the Sex Offender Registration Act (Correction Law art 6-c), the Supreme Court assessed 80 points and, in an order dated February 19, 2021, designated the defendant a level two sex offender.
On appeal, the defendant contends that the People failed to establish, by clear and convincing evidence, facts to support the assessment of 15 points under risk factor 14, release without supervision. The assessment of these points was supported by clear and convincing evidence that the defendant would be imminently deported, including the Board's case summary and an order from a United States Immigration Court directing that the defendant be removed from the United States (see People v Tzintzun-Frias, 210 AD3d 917, 918; People v Camacho-Gutierrez, 210 AD3d 811, 812; People v Fuentes, 209 AD3d 878, 880). The court's determination that the People had met their burden was not undermined by the evidence proffered by the defendant. Specifically, the memorandum submitted by the defendant from the United States Department of Homeland Security, declaring a temporary pause on certain deportations, did not confer upon the defendant any personal right or benefit, and he remained subject to a final deportation order.
Moreover, contrary to the defendant's contention, the People were not required to prove that the defendant would not be supervised in the country to which he was expected to be deported (see People v Palacios, 137 AD3d 761, 762).
Accordingly, the defendant was properly designated a level two sex offender.
DILLON, J.P., CHAMBERS, FORD and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court