People v Morales (2024 NY Slip Op 00332)

People v Morales

2024 NY Slip Op 00332

Decided on January 24, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 24, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
LINDA CHRISTOPHER
PAUL WOOTEN
JANICE A. TAYLOR, JJ.

2021-05448

[*1]The People of the State of New York, respondent, 
v
Joel Morales, appellant. Patricia Pazner, New York, NY (Anna . Boksenbaum of counsel), for appellant.

Melinda Katz, District Attorney, Kew Gardens, NY (Johnnette Traill and Nancy Fitzpatrick Talcott of counsel; Michael Lazard on the brief), for respondent.

DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Queens County (Eugene M. Guarino, J.), dated June 14, 2021, which, after a hearing, designated him a level two sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
The defendant was convicted, upon his plea of guilty, of possessing a sexual performance by a child. After a hearing pursuant to the Sex Offender Registration Act (Correction Law art 6-C; hereinafter SORA), the Supreme Court assessed the defendant a total of 80 points, denied the defendant's request for a downward departure, and designated the defendant a level two sex offender.
"A defendant seeking a downward departure from a presumptive risk level has the initial burden of '(1) identifying, as a matter of law, an appropriate mitigating factor, namely, a factor which tends to establish a lower likelihood of reoffense or danger to the community and is of a kind, or to a degree, that is otherwise not adequately taken into account by the . . . Guidelines; and (2) establishing the facts in support of its existence by a preponderance of the evidence'" (People v Umanzor, 189 AD3d 1479, 1480, quoting People v Wyatt, 89 AD3d 112, 128; see People v Gillotti, 23 NY3d 841, 861; see also Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 4 [2006] [hereinafter Guidelines]). "If the defendant makes that twofold showing, the court must exercise its discretion by weighing the mitigating factor to determine whether the totality of the circumstances warrants a departure to avoid an overassessment of the defendant's dangerousness and risk of sexual recidivism" (People v Brocato, 188 AD3d 728, 728-729).
Contrary to the defendant's contention, he failed to establish his entitlement to a downward departure from his presumptive risk level. The defendant's purported acceptance of responsibility for his actions and lack of a prior criminal record were adequately taken into account by the Guidelines (see People v Oyola, 217 AD3d 791, 792; People v Garcia, 192 AD3d 833, 834). Although lengthy periods of time during which a defendant has been at liberty without reoffense are not taken into account by the Guidelines or the risk assessment instrument (hereinafter RAI) (see People v Sotomayer, 143 AD3d 686, 687), here, the defendant, who spent less than three years at liberty prior to the SORA hearing, failed to establish by a preponderance of the evidence that this period of time without reoffense demonstrated that the RAI overstated his risk of reoffense or that [*2]he has led an exemplary life such that he was entitled to a downward departure from the presumptive risk level (see People v Flores-Hernandez, 219 AD3d 1533; People v Williams, 208 AD3d 806, 806-807). Further, although a response to treatment may qualify as a ground for a downward departure where the response was "exceptional" (Guidelines at 17; see People v Washington, 84 AD3d 910, 911), the defendant failed to establish the facts in support of that ground by a preponderance of the evidence (see People v Peaks, 207 AD3d 482, 483). The defendant also failed to demonstrate, by a preponderance of the evidence, the existence of any other mitigating factors that would warrant a departure from his presumptive risk level (see People v Saunders, 209 AD3d 776, 778).
Accordingly, the Supreme Court properly denied the defendant's request for a downward departure from his presumptive risk level and designated the defendant a level two sex offender.
IANNACCI, J.P., CHRISTOPHER, WOOTEN and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court