People v Selin-Martinez (2024 NY Slip Op 03835)

People v Selin-Martinez

2024 NY Slip Op 03835

Decided on July 17, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 17, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
WILLIAM G. FORD
JANICE A. TAYLOR
LAURENCE L. LOVE, JJ.

2023-02234

[*1]The People of the State of New York, respondent, 
v
Jose A. Selin-Martinez, appellant. Laurette D. Mulry, Riverhead, NY (Mark J. Ermmarino of counsel), for appellant.

Raymond A. Tierney, Riverhead, NY (Meaghan Powers of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from an order of the County Court, Suffolk County (Karen M. Wilutis, J.), dated February 2, 2023, which, after a hearing, designated him a level two sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
The defendant was convicted, upon his plea of guilty, of course of sexual conduct against a child in the first degree. After a hearing pursuant to the Sex Offender Registration Act (Correction Law art 6-C; hereinafter SORA), the County Court found that the defendant was a presumptive level two sex offender, denied his application for a downward departure from his presumptive risk level, and designated him a level two sex offender.
On appeal, the defendant contends that the People failed to establish by clear and convincing evidence facts to support the assessment of 15 points under risk factor 14 (release without supervision). Contrary to the defendant's contention, the assessment of these points was supported by clear and convincing evidence in the record, including a case summary prepared by the Board of Examiners of Sex Offenders and an order from a United States Immigration Court directing that the defendant be removed from the United States (see People v Avendano, 222 AD3d 667, 668; People v Torres 217 AD3d 976, 977; People v Tzintzun-Frias, 210 AD3d 917, 918).
"A defendant seeking a downward departure from the presumptive risk level has the initial burden of '(1) identifying, as a matter of law, an appropriate mitigating factor, namely, a factor which tends to establish a lower likelihood of reoffense or danger to the community and is of a kind, or to a degree, that is otherwise not adequately taken into account by the . . . Guidelines; and (2) establishing the facts in support of its existence by a preponderance of the evidence'" (People v Bigelow, 175 AD3d 1443, 1443, quoting People v Wyatt, 89 AD3d 112, 128; see Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 4 [2006] [hereinafter Guidelines]). "'If the defendant makes that twofold showing, the court must exercise its discretion by weighing the mitigating factor to determine whether the totality of the circumstances warrants a departure to avoid an overassessment of the defendant's dangerousness and risk of sexual recidivism'" (People v Tleis, 222 AD3d 1012, 1012, quoting People v Bigelow, 175 AD3d at 1444; see People v Gillotti, 23 NY3d 841, 861).
A response to sex offender treatment may qualify as a ground for a downward [*2]departure where the defendant is able to demonstrate that his or her response is "exceptional" (Guidelines at 17; see People v Coleman, 225 AD3d 792, 794). Here, the defendant failed to demonstrate that he completed such treatment or that his response to the treatment that he participated in was exceptional (see People v Coleman, 225 AD3d at 794; People v Pareja-Hidalgo, 222 AD3d 892, 894; People v Musmacker, 213 AD3d 784, 786). Further, even if the total number of points assessed to the defendant is considered near the low end of the range of a presumptive level two designation, that fact, by itself, does not constitute a ground for a downward departure from the presumptive risk level (see People v Canales, 217 AD3d 785, 786; People v Scott, 204 AD3d 948, 949; People v Nicholson, 195 AD3d 758, 759). Accordingly, the County Court properly denied the defendant's application for a downward departure.
The defendant's remaining contention is unpreserved for appellate review (see People v Hernandez, 225 AD3d 903; People v Medina, 225 AD3d 798) and, in any event, without merit.
IANNACCI, J.P., FORD, TAYLOR and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court