People v Carvente (2024 NY Slip Op 06165)

People v Carvente

2024 NY Slip Op 06165

Decided on December 10, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 10, 2024

Before: Renwick, P.J., Friedman, Shulman, Pitt-Burke, Rosado, JJ. 

Ind. No. 5718/13 Appeal No. 3214 Case No. 2022-03257 

[*1]The People of the State of New York, Respondent,
v
Evaristo Carvente, Defendant-Appellant.

Twyla Carter, The Legal Aid Society, New York (Ariel Smallwood of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Jacob C. Marcus of counsel), for respondent.

Order, Supreme Court, New York County (Ruth Pickholz, J.), entered on or about May 20, 2022, which adjudicated defendant a level two sex offender pursuant to Sex Offender Registration Act (SORA) (Correction Law art 6-C), unanimously affirmed, without costs.
Although Supreme Court did not adequately set forth its findings of fact and conclusions of law, based on the record, defendant was properly assessed 15 points under factor 14 of the risk assessment instrument (see People v Palmer, 20 NY3d 373 [2013]). The Executive Office of Immigration Review printout indicating that defendant had been ordered removed from the United States was reliable hearsay establishing, by clear and convincing evidence, that he would be unsupervised at the time of his release (see People v Avendano, 222 AD3d 667, 668 [2d Dept 2023], lv denied 41 NY3d 908 [2024]; see generally People v Mingo, 12 NY3d 563, 571-572 [2009]). We call attention to Correction Law § 168-n(3), which requires the setting forth of findings of fact and conclusions of law for assessment of points under SORA.
The court providently exercised its discretion in denying defendant's request for a downward departure. The seriousness of defendant's underlying conduct against a young child over the course of several years, when she was four to nine years old, justified the level two sex offender adjudication (see People v Tugwell, 210 AD3d 507, 507 [1st Dept 2022], lv denied 39 NY3d 911 [2023]; People v Funez, 201 AD3d 574 [1st Dept 2022], lv denied 38 NY3d 907 [2022]). The mitigating factors presented by defendant were adequately taken into account by the risk assessment instrument (see generally People v Gilotti, 23 NY3d 841, 861 [2014]). 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 10, 2024