People v Musarra (2025 NY Slip Op 04112)

People v Musarra

2025 NY Slip Op 04112

Decided on July 9, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 9, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
CHERYL E. CHAMBERS
JANICE A. TAYLOR
JAMES P. MCCORMACK, JJ.

2021-08139

[*1]The People of the State of New York, respondent, 
v
Chad Musarra, appellant. 

Twyla Carter, New York, NY (Katheryne M. Martone of counsel), for appellant.
Melinda Katz, District Attorney, Kew Gardens, NY (Johnnette Traill, Christopher Blira-Koessler, and Alexander Vidal of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Queens County (Cassandra M. Mullen, J.), dated October 28, 2021, which, after a hearing, designated him a level two sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
The defendant was convicted, upon his plea of guilty, of possessing a sexual performance by a child (Penal Law § 263.16). After a hearing pursuant to the Sex Offender Registration Act (Correction Law art 6-C), the Supreme Court assessed the defendant 80 points on the risk assessment instrument (hereinafter RAI), denied his request for a downward departure from his presumptive risk level, and designated him a level two sex offender. The defendant appeals.
The defendant's contention that, in light of his particular offense, the assessment of points on the RAI under risk factors 3 (number of victims) and 7 (relationship with victim) violated his due process rights by shifting the burden of proof to him is unpreserved for appellate review (see People v Gillotti, 23 NY3d 841, 854; People v Lawrence, 226 AD3d 827) and, in any event, without merit (see People v Hammack, 225 AD3d 795, 796; People v Field, 214 AD3d 418). The Court of Appeals has rejected the premise of the defendant's contention—that the assessment of points for these factors for child pornography cases is arbitrary and unconnected to the risk of reoffense and danger to the community—concluding, instead, that while these factors "may not represent the exact same risks in child pornography cases as in those involving physical contact, the presence of th[e]se factors in child pornography cases increases the offender's potential to psychologically harm a greater number of children to a greater degree" (People v Gillotti, 23 NY3d at 857). Accordingly, the assessment of points under risk factors 3 and 7 based upon the People's clear and convincing evidence that the factors applied was not a violation of due process (see People v Hammack, 225 AD3d at 796; People v Field, 214 AD3d 418).
Further, the Supreme Court properly denied the defendant's request for a downward departure. The defendant's expression of remorse and acceptance of responsibility were already taken into account by the Guidelines (see Sex Offender Registration Act: Risk Assessment Guidelines and Commentary [hereinafter Guidelines] [2006]; People v Skipper, 235 AD3d 671, 672; People v Morales, 223 AD3d 850, 851), he failed to establish by a preponderance of the evidence that he had an exceptional response to treatment (see People v Fernandez, 219 AD3d 760, 763; [*2]People v Nicholson, 195 AD3d 75), the alleged support provided by his family was adequately taken into account by the Guidelines and, moreover, he failed to establish by a preponderance of the evidence that his family's support would result in a lower likelihood of reoffense or danger to the community (see People v Gavalo, 235 AD3d 785, 786; People v Skipper, 235 AD3d at 672), and he failed to establish by a preponderance of the evidence that the short period of time he was at liberty without reoffense demonstrated that the RAI overstated his risk of reoffense (see People v Williams, 208 AD3d 806, 807; People v Williams, 204 AD3d 710, 711). Finally, although in some cases involving possession of child pornography, the assessment of points under risk factors 3 and 7 can result in an overassessment of a defendant's level of risk (see People v Gillotti, 23 NY3d at 860; People v Johnson, 11 NY3d 416, 421), a downward departure was not warranted under the totality of the circumstances presented in this case, as there was no overassessment of the defendant's risk level (see People v Benchocron, 226 AD3d 832, 833).
IANNACCI, J.P., CHAMBERS, TAYLOR and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court