People v Echols (2025 NY Slip Op 05975)

People v Echols

2025 NY Slip Op 05975

Decided on October 29, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 29, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LARA J. GENOVESI, J.P.
LINDA CHRISTOPHER
LILLIAN WAN
LOURDES M. VENTURA, JJ.

2022-08444

[*1]The People of the State of New York, respondent,
v
Chris Echols, appellant. 

Patricia Pazner, New York, NY (Tara Kumar of counsel), for appellant.
Melinda Katz, District Attorney, Kew Gardens, NY (Johnnette Traill and Nancy Fitzpatrick Talcott of counsel; Damian Jhagroo on the brief), for respondent.

DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Queens County (Jerry M. Iannece, J.), dated September 27, 2022, which, after a hearing, designated him a level two sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
The defendant was convicted, upon his plea of guilty, of attempted criminal sexual act in the first degree (Penal Law §§ 110.00, 130.50[3]). After a hearing pursuant to the Sex Offender Registration Act (SORA) (Correction Law art 6-C), the Supreme Court assessed the defendant 100 points, denied the defendant's application for a downward departure from his presumptive risk level, and designated him a level two sex offender. The defendant appeals.
"An offender seeking a downward departure from the presumptive risk level has the initial burden of (1) identifying, as a matter of law, an appropriate mitigating factor, namely a factor which tends to establish a lower likelihood of reoffense or danger to the community and is of a kind, or to a degree, that is not otherwise taken into account by [the] Guidelines, and (2) establishing the facts in support of its existence by a preponderance of the evidence" (People v Curry, 158 AD3d 52, 58; see Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 4 [hereinafter Guidelines]; People v Gillotti, 23 NY3d 841, 861). "If the defendant makes that twofold showing, the court must exercise its discretion by weighing the mitigating factor to determine whether the totality of the circumstances warrants a departure to avoid an overassessment of the defendant's dangerousness and risk of sexual recidivism" (People v Bigelow, 175 AD3d 1443, 1444; see People v Gillotti, 23 NY3d at 861).
Contrary to the defendant's contention, he failed to establish his entitlement to a downward departure. "Although lengthy periods of time during which the defendant has been at liberty after the offense are not taken into account by the Guidelines or the Risk Assessment Instrument [hereinafter RAI]" (People v Williams, 208 AD3d 806, 806 [internal quotation marks omitted]; see People v Lundy, 223 AD3d 920, 921), here, the defendant, who had only been at liberty for approximately 21 months at the time of the SORA hearing, failed to establish by a preponderance of the evidence that this short period of time at liberty without reoffense "demonstrated that the RAI overstated his risk of reoffense" (People v Williams, 208 AD3d at 807; see People v Morales, 223 AD3d 850, 851).
While a defendant's response to sex offender treatment may qualify as a ground for a downward departure where the response to such treatment is "exceptional" (Guidelines at 17), the defendant failed to demonstrate by a preponderance of the evidence that his "'response to treatment, while positive, was exceptional'" (People v Coleman, 225 AD3d 792, 794 [internal quotation marks omitted], quoting People v Smith, 194 AD3d 767, 768). Further, the defendant failed to establish that his response to substance abuse treatment was exceptional (see People v Gonzalez, 238 AD3d 914, 915; People v Skipper, 235 AD3d 671, 672).
Additionally, the alleged mitigating factors identified by the defendant, including his expressed remorse, acceptance of responsibility, gainful employment, and supportive family, were adequately taken into account by the Guidelines (see Guidelines at 4; People v Skipper, 235 AD3d at 672; People v Otero, 233 AD3d 969, 971).
Moreover, the defendant failed to demonstrate how his family support established a lower likelihood of reoffense or danger to the community (see People v Skipper, 235 AD3d at 672).
The defendant's remaining contentions are without merit.
Accordingly, the Supreme Court properly designated the defendant a level two sex offender.
GENOVESI, J.P., CHRISTOPHER, WAN and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court