■ THE PEOPLE OF STATE OF NEW YORK, Respondent, v SHEN CHAO CHEN, Appellant. [42 NYS3d 284]—

Appeal by the defendant from an order of the Supreme Court, Queens County (Griffin, J.), dated March 12, 2013, which, after a hearing, designated him a level two sex offender pursuant to Correction Law article 6-C.

Ordered that the order is reversed, on the law, without costs or disbursements, and the defendant is designated a level one sex offender.

The defendant was assessed 75 points on the risk assessment instrument, rendering him presumptively a level two sex offender. The Supreme Court, after a hearing pursuant to the Sex Offender Registration Act (Correction Law art 6-C; hereinafter SORA), assessed 75 points against the defendant and designated him a level two sex offender. The defendant challenges the assessment of 30 points under risk factor 1 for being armed with a dangerous instrument during the underlying incident. Without those 30 points, the defendant would be assessed only 45 points, rendering him presumptively a level one sex offender.

As the People correctly concede, they failed to prove by clear and convincing evidence that the defendant was armed with a dangerous instrument during the underlying incident, thereby making the assessment of 30 points under risk factor 1 improper (*see* Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 7-8 [2006]). At the SORA hearing, the defendant, through his counsel, asserted that he possessed a BB gun during the incident. However, the People did not present any evidence that the gun was loaded and operable, or that it was used as a bludgeoning object (*see People v Swain*, 46 AD3d 1157 [2007]). Furthermore, the People did not present any evidence that the defendant threatened to use the gun against the victims (*cf. People v Pettigrew*, 14 NY3d 406, 409 [2010]; *People v Dodt*, 61 NY2d 408, 414-415 [1984]).

Accordingly, the defendant must be designated a level one sex offender.

In light of our determination, the defendant's remaining contention need not be reached. Hall, J.P., Sgroi, Barros and Connolly, JJ., concur.