People v Lema-Caguana (2020 NY Slip Op 00440)





People v Lema-Caguana


2020 NY Slip Op 00440


Decided on January 22, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 22, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
JOHN M. LEVENTHAL
ROBERT J. MILLER
COLLEEN D. DUFFY
HECTOR D. LASALLE, JJ.


2017-12791

[*1]People of State of New York, respondent,
v
Julio C. Lema-Caguana, appellant. James D. Licata, New City, NY (Lois Cappelletti of counsel), for appellant.


Thomas E. Walsh II, District Attorney, New City, NY (Carrie A. Ciganek of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from an order of the County Court, Rockland County (Kevin F. Russo, J.), dated October 10, 2017, which, after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
Following a hearing pursuant to the Sex Offender Registration Act (Correction Law art 6-C; hereinafter SORA), the defendant was designated a level three sex offender. On appeal, the defendant challenges the assessment of points under risk factors 4, 9, and 12.
In establishing a sex offender's appropriate risk level under SORA, "[t]he People bear the burden of proving the facts supporting the determinations' by clear and convincing evidence" (People v Pettigrew, 14 NY3d 406, 408, quoting Correction Law § 168-n[3]). "In assessing points, evidence may be derived from the defendant's admissions, the victim's statements, evaluative reports completed by the supervising probation officer, parole officer, or corrections counselor, case summaries prepared by the Board of Examiners of Sex Offenders . . . , or any other reliable source, including reliable hearsay" (People v Crandall, 90 AD3d 628, 629; see Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 5 [2006]; People v Mingo, 12 NY3d 563, 571-572).
Here, we agree with the County Court's assessment of points under risk factors 4, 9, and 12 (see People v Gulifield, 174 AD3d 751, 752; People v Somodi, 170 AD3d 1056; People v Francis, 137 AD3d 91, 100, affd 30 NY3d 737). The defendant's remaining contentions are without merit.
Accordingly, we agree with the County Court's determination to designate the defendant a level three sex offender.
MASTRO, J.P., LEVENTHAL, MILLER, DUFFY and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court