People v Pierre (2020 NY Slip Op 03555)





People v Pierre


2020 NY Slip Op 03555


Decided on June 24, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 24, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
CHERYL E. CHAMBERS
JEFFREY A. COHEN
FRANCESCA E. CONNOLLY
PAUL WOOTEN, JJ.


2018-15114

[*1]People of State of New York, respondent,
v
Tedy Pierre, appellant. Paul Skip Laisure, New York, NY (Jenin Younes of counsel), for appellant.


Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Morgan J. Dennehy, and Cindy Horowitz of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Kings County (Guy J. Mangano, Jr., J.), dated December 5, 2018, which, after a hearing, designated him a level two sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
In 2006, the defendant was convicted, upon a jury verdict, of rape in the first degree, criminal sexual act in the first degree (two counts), sexual abuse in the first degree (five counts), and endangering the welfare of a child (three counts). He was sentenced to a determinate term of imprisonment of 15 years to be followed by a period of postrelease supervision of 5 years. At a hearing pursuant to the Sex Offender Registration Act (Correction Law art 6-C; hereinafter SORA), the defendant contested the assessment of 20 points under risk factor 3 for two victims and sought a downward departure from his presumptive level two sex offender designation. The Supreme Court assessed the defendant 105 points, including 20 points under risk factor 3, denied his application for a downward departure, and designated him a level two sex offender. The defendant appeals.
"In establishing a sex offender's appropriate risk level under SORA, [t]he People bear the burden of proving the facts supporting the determinations by clear and convincing evidence'" (People v Lema-Caguana, 179 AD3d 953, 954, quoting People v Pettigrew, 14 NY3d 406, 408 [internal quotation marks omitted]; see Correction Law § 168-n[3]). In assessing points, evidence may be derived from, inter alia, the defendant's admissions, the victim's statements, case summaries prepared by the Board of Examiners of Sex Offenders, or any other reliable source, including reliable hearsay (see People v Fuhrtz, 180 AD3d 944, 945; People v Crandall, 90 AD3d 628, 629).
The defendant's argument that he was improperly assessed 20 points under risk factor 3 is academic since, even with the deduction of those points, the defendant's point total of 85 would remain in the range of a presumptive risk level two designation (see People v Grubert, 160 AD3d 993).
A defendant seeking a downward departure from the presumptive risk level has the initial burden of "(1) identifying, as a matter of law, an appropriate mitigating factor, namely, a factor which tends to establish a lower likelihood of reoffense or danger to the community and is of a kind, or to a degree, that is otherwise not adequately taken into account by the [SORA] Guidelines; [*2]and (2) establishing the facts in support of its existence by a preponderance of the evidence" (People v Wyatt, 89 AD3d 112, 128; see People v Gillotti, 23 NY3d 841, 861; see also Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 4 [2006] [hereinafter Guidelines]). If the defendant makes that twofold showing, the court must exercise its discretion by weighing the mitigating factor to determine whether the totality of the circumstances warrants a departure to avoid an overassessment of the defendant's dangerousness and risk of sexual recidivism (see People v Gillotti, 23 NY3d at 861; People v Champagne, 140 AD3d 719, 720).
We agree with the Supreme Court's determination to deny the defendant's application for a downward departure from his presumptive risk level. The defendant's completion of a sex offender treatment program and his participation in educational and vocational programs while in prison were adequately taken into account by the Guidelines (see People v Sawyer, 169 AD3d 840; People v Rocano-Quintuna, 149 AD3d 1114, 1115; People v Robinson, 145 AD3d 805). Moreover, the defendant failed to demonstrate how having his aunt's support established a lower likelihood of reoffense or danger to the community. Thus, he failed to establish that this was an appropriate mitigating factor (see People v Saintilus, 169 AD3d 838, 839).
In any event, with respect to all of these circumstances, the defendant failed to demonstrate by a preponderance of the evidence that they resulted in the overassessment of his risk to public safety (see People v Wyatt, 89 AD3d at 129). Accordingly, we agree with the Supreme Court's determination designating the defendant a level two sex offender.
BALKIN, J.P., CHAMBERS, COHEN, CONNOLLY and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court