People v Brunache (2020 NY Slip Op 05061)





People v Brunache


2020 NY Slip Op 05061


Decided on September 23, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 23, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
SHERI S. ROMAN
JEFFREY A. COHEN
ROBERT J. MILLER, JJ.


2016-09986

[*1]People of State of New York, respondent,
v
Harvens Brunache, appellant.


Janet E. Sabel, New York, NY (Steven J. Miraglia of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Morgan J. Dennehy, and Daniel Berman of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Kings County (Michael J. Brennan, J.), dated August 24, 2016, which, after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
The defendant was convicted in Pennsylvania in 1999, upon his plea of guilty, of rape and involuntary deviate sexual intercourse. After a hearing pursuant to the Sex Offender Registration Act (see Correction Law art 6-C; hereinafter SORA), the defendant was assessed a total of 110 points, which presumptively classified him as a level three sex offender. The Supreme Court denied the defendant's application for a downward departure and designated him a level three sex offender. The defendant appeals, challenging the assessment of points under risk factor 1 and the denial of his request for a downward departure.
In establishing a sex offender's appropriate risk level under SORA, "[t]he People 'bear the burden of proving the facts supporting the determinations' by clear and convincing evidence" (People v Pettigrew, 14 NY3d 406, 408, quoting Correction Law § 168-n[3]). Such facts may be established through the defendant's admissions, the victim's statements, and other relevant materials and evidence, including "reliable hearsay evidence," which may come from, among other documents, evaluative reports completed by the supervising probation officer or case summaries prepared by the Board of Examiners of Sex Offenders (see People v Mingo, 12 NY3d 563, 571-572; People v Lema-Caguana, 179 AD3d 953, 954, citing SORA: Risk Assessment Guidelines and Commentary at 5 [2006; hereinafter Guidelines]).
Here, the defendant's contention that the Supreme Court erred in assessing him a total of 30 points under risk factor 1 because the People failed to prove that he was armed with a dangerous instrument at the time of the underlying offenses, as the People did not establish what a "crack cleaner" is and that it is capable of causing serious injury or death, is not preserved for appellate review (see People v Gillotti, 23 NY3d 841, 854; People v James, 165 AD3d 850, 850). In any event, clear and convincing evidence, including the defendant's admissions, support the assessment of points under risk factor 1 (see People v Parker, 145 AD3d 523; cf. People v Shen Chao Chen, 144 AD3d 1119, 1119).
A defendant seeking a downward departure from the presumptive risk level has the initial burden of "'(1) identifying, as a matter of law, an appropriate mitigating factor, namely, a factor which tends to establish a lower likelihood of reoffense or danger to the community and is of a kind, or to a degree, that is otherwise not adequately taken into account by the [SORA] Guidelines; and (2) establishing the facts in support of its existence by a preponderance of the evidence'" (People v Burrowes, 177 AD3d 1005, 1007, quoting People v Wyatt, 89 AD3d 112, 128; see People v Gillotti, 23 NY3d 841, 861). Here, the defendant failed to identify the existence of any such mitigating factor (see People v Jimenez, 178 AD3d 1099, 1100; People v Curry, 158 AD3d 52, 60).
Accordingly, we agree with the Supreme Court's designation of the defendant as a level three sex offender.
LEVENTHAL, J.P., ROMAN, COHEN and MILLER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court