People v Umanzor (2020 NY Slip Op 07930)





People v Umanzor


2020 NY Slip Op 07930


Decided on December 23, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 23, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
CHERYL E. CHAMBERS
LEONARD B. AUSTIN
SYLVIA O. HINDS-RADIX
LINDA CHRISTOPHER, JJ.


2019-14619

[*1]People of State of New York, respondent,
v
Jaime Umanzor, appellant. Laurette D. Mulry, Riverhead, NY (Amanda E. Schaefer of counsel), for appellant.


Timothy D. Sini, District Attorney, Riverhead, NY (Lauren Tan and Marion Tang of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from an order of the County Court, Suffolk County (Karen M. Wilutis, J.), dated December 4, 2019, which, after a hearing, designated him a level two sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
In this proceeding pursuant to the Sex Offender Registration Act (see Correction Law art 6-C; hereinafter SORA), the County Court assessed the defendant 100 points, which presumptively placed him in a risk level two category. The court denied the defendant's request for a downward departure from his presumptive risk level, and designated him a level two sex offender.
On appeal, the defendant challenges the assessment of 10 points against him for unsatisfactory conduct while confined, and an additional 10 points for failure to accept responsibility. At the hearing before the County Court, defense counsel did not contest the assessment of those points on the ground that "[i]t's really moot" because even with those 20 points, the defendant was still presumptively a level two sex offender. Under these circumstances, the question of whether the assessment of those 20 points was proper is academic (see People v Pierre, 184 AD3d 883, 884; People v Grubert, 160 AD3d 993, 994). The defendant's argument to the contrary is unpreserved for appellate review.
A defendant seeking a downward departure from a presumptive risk level has the initial burden of "(1) identifying, as a matter of law, an appropriate mitigating factor, namely, a factor which tends to establish a lower likelihood of reoffense or danger to the community and is of a kind, or to a degree, that is otherwise not adequately taken into account by the [SORA] Guidelines; and (2) establishing the facts in support of its existence by a preponderance of the evidence" (People v Wyatt, 89 AD3d 112, 128; see People v Gillotti, 23 NY3d 841, 861; see also SORA: Risk Assessment Guidelines and Commentary at 4 [2006]). If the defendant makes that twofold showing, the court must exercise its discretion by weighing the mitigating factor to determine whether the totality of the circumstances warrants a departure to avoid an over-assessment of the defendant's dangerousness and risk of sexual recidivism (see People v Gillotti, 23 NY3d at 861; People v Champagne, 140 AD3d 719, 720).
In this case, the defendant failed to establish grounds for a downward departure from his presumptive risk level by a preponderance of the evidence. There was no evidence of an exceptional response to sex offender treatment (see People v Desnoyers, 180 AD3d 1080, 1081). Further, the defendant's participation in rehabilitation programs, standing alone, was insufficient for a downward departure (see People v Shaynak, 178 AD3d 1105, 1106; People v Santos, 174 AD3d 658, 659; cf. People v Williams, 148 AD3d 540).
Accordingly, we agree with the County Court's determination to deny the defendant's request for a downward departure from his presumptive risk level.
DILLON, J.P., CHAMBERS, AUSTIN, HINDS-RADIX and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court