People v Smith (2021 NY Slip Op 02835)





People v Smith


2021 NY Slip Op 02835


Decided on May 5, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 5, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

SYLVIA O. HINDS-RADIX, J.P.
HECTOR D. LASALLE
BETSY BARROS
FRANCESCA E. CONNOLLY, JJ.


2018-06263

[*1]People of State of New York, etc., respondent,
v
Mark Smith, appellant.


Janet E. Sabel, New York, NY (Will A. Page of counsel), for appellant.
Melinda Katz, District Attorney, Kew Gardens, NY (Johnnette Traill and William H. Branigan of counsel; Victoria Randall on the brief), for respondent.



DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Queens County (Richard Buchter, J.), dated May 4, 2018. The order, after a hearing, designated the defendant, inter alia, a level two sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
The defendant pleaded guilty to attempted sexual abuse in the first degree (Penal Law §§ 110.00, 130.65[2]) and was sentenced to a determinate term of imprisonment of 2 years to be followed by a period of postrelease supervision of 10 years. Pursuant to the Sex Offender Registration Act (Correction Law art 6-C; hereinafter SORA), prior to the defendant's release, a hearing was held to determine the defendant's sex offender risk level classification. The Supreme Court assessed the defendant 75 points, denied his application for a downward departure, and designated him a level two sex offender. The defendant also was adjudicated a sexually violent offender, since he had been convicted of an offense enumerated in Correction Law § 168-a(3)(a). On appeal, the defendant challenges the denial of his application for a downward departure and his adjudication as a sexually violent offender.
A defendant seeking a downward departure from the presumptive risk level has the initial burden of "(1) identifying, as a matter of law, an appropriate mitigating factor, namely, a factor which tends to establish a lower likelihood of reoffense or danger to the community and is of a kind, or to a degree, that is otherwise not adequately taken into account by the [SORA] Guidelines; and (2) establishing the facts in support of its existence by a preponderance of the evidence" (People v Wyatt, 89 AD3d 112, 128; see People v Gillotti, 23 NY3d 841, 861; see also SORA: Risk Assessment Guidelines and Commentary at 4 [2006] [hereinafter SORA Guidelines]). If the defendant makes that twofold showing, the court must exercise its discretion by weighing the mitigating factor to determine whether the totality of the circumstances warrants a departure to avoid an overassessment of the defendant's dangerousness and risk of sexual recidivism (see People v Gillotti, 23 NY3d at 861; People v Champagne, 140 AD3d 719, 720).
Here, the defendant failed to establish, by a preponderance of the evidence, the applicability of a mitigating circumstance that was "not adequately taken into account by the [SORA Guidelines]" (People v Gillotti, 23 NY3d at 861; see SORA Guidelines at 4, 7). Contrary to the defendant's contention, the assessment of points for both a felony conviction of driving while [*2]intoxicated and for his history of alcohol and drug abuse did not improperly overstate his risk of recidivism. The SORA Guidelines provide a distinct rationale for the assessment of points under risk factor 9, based on a defendant's prior criminal history, and under risk factor 11 based on a defendant's history of alcohol and drug abuse (see SORA Guidelines at 13, 15). Accordingly, the defendant failed to demonstrate as a matter law that the SORA Guidelines do not adequately account for the likelihood that a defendant's prior felony convictions may be related to a history of alcohol and drug abuse.
Similarly, the defendant's completion of a sex offender treatment program and lack of a disciplinary record while incarcerated are factors which are adequately taken into account by the SORA Guidelines (see People v Del-Carmen, 186 AD3d 878, 879; People v Pierre, 184 AD3d 883, 884-885). Further, although the SORA Guidelines recognize treatment as a basis for a downward departure where an offender's response to such treatment is "exceptional" (SORA Guidelines at 17; see People v Jimenez, 178 AD3d 1099, 1100), here, the defendant failed to demonstrate by a preponderance of the evidence that his "response to treatment, while positive, was exceptional" (People v Diaz, 180 AD3d 817, 818). Accordingly, a downward departure from presumptive risk level two to risk level one was not warranted, and the Supreme Court properly denied the defendant's application.
Finally, contrary to the defendant's contention, the Supreme Court properly determined that his adjudication as a sexually violent offender, based on having been convicted of attempted sexual abuse in the first degree, did not constitute a denial of his procedural or substantive due process rights (see Doe v Cuomo, 755 F3d 105, 113 [2d Cir 2014]; People v Knox, 12 NY3d 60, 69).
HINDS-RADIX, J.P., LASALLE, BARROS and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court