People v Maldonado-Escobar (2021 NY Slip Op 04502)





People v Maldonado-Escobar


2021 NY Slip Op 04502


Decided on July 21, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 21, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
CHERYL E. CHAMBERS
ROBERT J. MILLER
COLLEEN D. DUFFY
PAUL WOOTEN, JJ.


2019-09271

[*1]The People of the State of New York, respondent,
v
Melvin Maldonado-Escobar, appellant. James D. Licata, New City, NY (Lois Cappelletti of counsel), for appellant.


Thomas E. Walsh II, District Attorney, New City, NY (Carrie A. Ciganek of counsel; Meghan Garvey on the brief), for respondent.



DECISION & ORDER
Appeal by the defendant from an order of the County Court, Rockland County (Kevin F. Russo, J.), dated July 8, 2019. The order, after a hearing, designated the defendant a level two sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is reversed, on the law and in the exercise of discretion, without costs or disbursements, and the defendant is designated a level one sex offender.
The defendant was convicted, upon his plea of guilty, of rape in the second degree based upon conduct involving sexual intercourse when he was 19 years old with a victim who was 13 years old (Penal Law § 130.30[1]). It is undisputed that the victim's lack of consent was solely due to her inability to consent because of her age. After a hearing pursuant to the Sex Offender Registration Act (Correction Law art 6-C; hereinafter SORA), the County Court designated the defendant a level two sex offender based upon the assessment of a total of 90 points.
"A defendant seeking a downward departure from a presumptive risk level has the initial burden of '(1) identifying, as a matter of law, an appropriate mitigating factor, namely, a factor which tends to establish a lower likelihood of reoffense or danger to the community and is of a kind, or to a degree, that is otherwise not adequately taken into account by the [SORA] Guidelines; and (2) establishing the facts in support of its existence by a preponderance of the evidence'" (People v Umanzor, 189 AD3d 1479, 1480, quoting People v Wyatt, 89 AD3d 112, 128; see People v Gillotti, 23 NY3d 841, 861; see also SORA: Risk Assessment Guidelines and Commentary at 4 [2006] [hereinafter Guidelines]). "If the defendant makes that twofold showing, the court must exercise its discretion by weighing the mitigating factor to determine whether the totality of the circumstances warrants a departure to avoid an overassessment of the defendant's dangerousness and risk of sexual recidivism" (People v Brocato, 188 AD3d 728, 728-729).
"In cases of statutory rape, the Board has long recognized that strict application of the Guidelines may in some instances result in overassessment of the offender's risk to public safety" (People v Fisher, 177 AD3d 615, 616). The Guidelines provide that a downward departure may be appropriate where "(i) the victim's lack of consent is due only to inability to consent by virtue of age and (ii) scoring 25 points [for risk factor 2, sexual contact with the victim,] results in an over-assessment of the offender's risk to public safety" (Guidelines at 9).
Since the defendant did not request a downward departure from his presumptive risk level in the County Court, his contentions on appeal regarding a downward departure are unpreserved for appellate review (see People v Rodriguez, 194 AD3d 864). However, under the circumstances of this case, we address those contentions in the interest of justice (see e.g. People v Madison, 153 AD3d 737).
Considering all of the circumstances presented here, including that the subject offense is the only sex-related crime in the defendant's history, and that the defendant accepted responsibility for his crime, the assessment of 25 points under risk factor 2 resulted in an overassessment of the defendant's risk to public safety (see People v Brocato, 188 AD3d 728; People v Fisher, 177 AD3d 615; People v Walker, 146 AD3d 824; People v Carter, 138 AD3d 706). Accordingly, a downward departure is warranted, and the defendant should be designated a level one sex offender.
MASTRO, J.P., CHAMBERS, MILLER, DUFFY and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court