People v McGee (2021 NY Slip Op 04623)





People v McGee


2021 NY Slip Op 04623


Decided on August 4, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 4, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
CHERYL E. CHAMBERS
ROBERT J. MILLER
COLLEEN D. DUFFY
PAUL WOOTEN, JJ.


2019-09950

[*1]The People of the State of New York, respondent,
v
Sylvester McGee, appellant.
 


Timothy D. Sini, District Attorney, Riverhead, NY (Caren C. Manzello of counsel), for respondent.
Laurette D. Mulry, Riverhead, NY (Lisa Marcoccia of counsel), for appellant.



DECISION & ORDER
Appeal by the defendant from an order of the County Court, Suffolk County (Karen M. Wilutis, J.), dated August 12, 2019, which, after a hearing, designated him a level two sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
The defendant was convicted, upon a plea of guilty, of criminal sexual act in the first degree (Penal Law § 130.50[3]), sexual abuse in the first degree (three counts) (Penal Law § 130.65[3]), and endangering the welfare of a child (Penal Law § 260.10[1]). After a hearing pursuant to the Sex Offender Registration Act (Correction Law art 6-C; hereinafter SORA), at which the defendant sought a downward departure from his presumptive level two risk designation, the County Court designated the defendant a level two sex offender. The defendant appeals.
In establishing a defendant's risk level pursuant to SORA, the People bear the burden of establishing the facts supporting the determination sought by clear and convincing evidence (see Correction Law § 168-n[3]; People v Guadeloupe, 173 AD3d 910, 911; People v Crandall, 90 AD3d 628, 629). "In assessing points, evidence may be derived from the defendant's admissions, the victim's statements, evaluative reports completed by the supervising probation officer, parole officer, or corrections counselor, case summaries prepared by the Board of Examiners of Sex Offenders (hereinafter the Board), or any other reliable source, including reliable hearsay" (People v Crandall, 90 AD3d at 629; see SORA: Risk Assessment Guidelines and Commentary at 5 [2006] [hereinafter Guidelines]).
Here, the County Court's assessment of points under risk factor 9 was proper as the People (see People v Mingo, 12 NY3d 563, 573) established the defendant's prior violent felony youthful offender adjudication by clear and convincing evidence through the Board's case summary (see People v Kennedy, 160 AD3d 671, 671; Guidelines at 6-7). Furthermore, the court properly assessed points under risk factor 13 as the People established by clear and convincing evidence that the defendant's conduct while confined was unsatisfactory. The case summary indicated that the defendant received multiple sanctions while incarcerated (see People v Guadeloupe, 173 AD3d at 911), including one for stalking, which is considered a sexual offense under the Department of Corrections and Community Supervision rules of conduct (see 7 NYCRR 270.2[B][2][v]).
A defendant seeking a downward departure from the presumptive risk level has the initial burden of "'(1) identifying, as a matter of law, an appropriate mitigating factor, namely, a factor which tends to establish a lower likelihood of reoffense or danger to the community and is of a kind, or to a degree, that is otherwise not adequately taken into account by the [SORA] Guidelines; and (2) establishing the facts in support of its existence by a preponderance of the evidence'" (People v Colon, 186 AD3d 1730, 1731, quoting People v Wyatt, 89 AD3d 112, 128; see Guidelines at 4). If the defendant makes that twofold showing, the court must exercise its discretion by weighing the mitigating factor to determine whether the totality of the circumstances warrants a departure to avoid an overassessment of the defendant's dangerousness and risk of sexual recidivism (see People v Gillotti, 23 NY3d 841, 861; People v Champagne, 140 AD3d 719, 720).
Here, the defendant failed to sustain his burden in support of his application for a downward departure as the mitigating factors identified by the defendant either were adequately taken into account by the SORA Guidelines or did not establish a lower likelihood of reoffense or danger to the community to warrant a downward departure (see People v Pierre, 184 AD3d 883, 884-885; People v Sawyer, 169 AD3d 840, 840-841).
Accordingly, the County Court properly denied the defendant's request for a downward departure and designated him a level two sex offender.
LASALLE, P.J., CHAMBERS, MILLER, DUFFY and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court