People v Grunwald (2022 NY Slip Op 00322)





People v Grunwald


2022 NY Slip Op 00322


Decided on January 19, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 19, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
ANGELA G. IANNACCI
ROBERT J. MILLER
LINDA CHRISTOPHER, JJ.


2019-03237

[*1]The People of the State of New York, respondent,
v
Joseph Grunwald, appellant.


Janet E. Sabel, New York, NY (Denise Fabiano of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Morgan J. Dennehy, and Daniel Berman of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Kings County (Deborah A. Dowling, J.), dated February 13, 2019, which, after a hearing, designated him a level two sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
The defendant was convicted, upon his plea of guilty, of sexual abuse in the first degree (Penal Law § 130.65) and sexual abuse in the second degree (Penal Law § 130.60) involving two separate child complainants. After a hearing pursuant to the Sex Offender Registration Act (Correction Law article 6-C; hereinafter SORA), the Supreme Court denied the defendant's request for a downward departure from his presumptive risk level and designated him a level two sex offender. The defendant appeals.
A defendant seeking a downward departure from a presumptive risk level has the initial burden of (1) identifying, as a matter of law, an appropriate mitigating factor, namely, a factor which tends to establish a lower likelihood of reoffense or danger to the community and is of a kind, or to a degree, that is otherwise not adequately taken into account by the SORA Guidelines; and (2) establishing the facts in support of its existence by a preponderance of the evidence (see People v McGee, 197 AD3d 513, 514; People v Maldonado-Escobar, 196 AD3d 655, 656; People v Mitchell, 196 AD3d 516, 517; see also Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 4 [2006] [hereinafter Guidelines]). If the defendant makes that twofold showing, the court must exercise its discretion by weighing the mitigating factor to determine whether the totality of the circumstances warrants a departure to avoid an overassessment of the defendant's dangerousness and risk of sexual recidivism (see People v McGee, 197 AD3d at 514; People v Maldonado-Escobar, 196 AD3d at 656; People v Mitchell, 196 AD3d at 517).
Here, the defendant failed to make the initial twofold showing, as he failed to establish facts in support of the existence of a mitigating factor. While a sex offender's response to treatment, if exceptional, can be the basis for a downward departure pursuant to the Guidelines, the defendant failed to demonstrate by a preponderance of the evidence that his response to treatment was exceptional (see People v Mitchell, 196 AD3d at 518; People v Jones, 196 AD3d 515, 516; People v Roelofsen, 195 AD3d 962, 963). The fact that the defendant had good attendance at his sex [*2]offender treatment program and was responding well to treatment was not proof of an exceptional response (see People v Green, 195 AD3d 754; People v Watson, 95 AD3d 978), especially where he was arrested for committing sexual offenses against a second child while in treatment in a sex offender program after being arrested and indicted for committing sexual offenses against the first child.
DUFFY, J.P., IANNACCI, MILLER and CHRISTOPHER, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court