People v Rucano (2023 NY Slip Op 00453)

People v Rucano

2023 NY Slip Op 00453

Decided on February 1, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 1, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
JOSEPH J. MALTESE
WILLIAM G. FORD
HELEN VOUTSINAS, JJ.

2021-06232

[*1]The People of the State of New York, respondent,
v
Anthony Rucano, appellant.

Patricia Pazner, New York, NY (Ava C. Page of counsel; Alexander Starbuck on the brief), for appellant.
Michael E. McMahon, District Attorney, Staten Island, NY (Morrie I. Kleinbart of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Richmond County (Mario F. Mattei, J.), dated December 4, 2020, which, after a hearing, designated him a level two sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
The defendant was convicted after trial of rape in the first degree, among other crimes. Prior to the defendant's release from prison, the Board of Examiners of Sex Offenders (hereinafter the Board) completed a risk assessment instrument pursuant to the Sex Offender Registration Act (Correction Law art 6-C). The Board determined that the defendant was a presumptive level two sex offender. The defendant did not challenge the assessment of points under any of the risk factors. However, the defendant made an application for a downward departure from the presumptive risk level. The Supreme Court denied the defendant's application for a downward departure and designated him a level two sex offender.
"An adjudicating court in a SORA proceeding has the discretion to grant a party's request for an upward or downward departure from the presumptive risk level" (People v Talluto, ___ NY3d ___, ___, 2022 NY Slip Op 07025, *4). A defendant seeking a downward departure from the presumptive risk level has the initial burden of "(1) identifying, as a matter of law, an appropriate mitigating factor, namely, a factor which tends to establish a lower likelihood of reoffense or danger to the community and is of a kind, or to a degree, that is otherwise not adequately taken into account by the Guidelines; and (2) establishing the facts in support of its existence by a preponderance of the evidence" (People v Wyatt, 89 AD3d 112, 128; see People v Gillotti, 23 NY3d 841, 861; see also Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 4 [2006] [hereinafter Guidelines]). If the defendant makes that twofold showing, the court must exercise its discretion by weighing the mitigating factors to determine whether the totality of the circumstances warrants a departure to avoid an overassessment of the defendant's dangerousness and risk of sexual recidivism (see People v Gillotti, 23 NY3d at 861; People v Champagne, 140 AD3d 719, 720).
Contrary to the defendant's contention, his family support system did not constitute a mitigating factor warranting a downward departure from the presumptive risk level. The support of the defendant's family was adequately taken into account by the Guidelines (see People v Taylor, [*2]199 AD3d 845, 846; People v Felton, 175 AD3d 734, 735). Moreover, the defendant failed to demonstrate how his family support system established a lower likelihood of reoffense or danger to the community (see People v Peaks, 207 AD3d 482, 483; People v Boutin, 172 AD3d 1253, 1255; People v Saintilus, 169 AD3d 838, 839).
Contrary to the defendant's contention, his rehabilitation, as evidenced by his completion of numerous therapeutic programs, educational courses, and vocational achievements, did not constitute a mitigating factor which warranted a downward departure from the presumptive risk level. The defendant's completion of a sex offender treatment program while incarcerated was a factor adequately taken into account by the Guidelines (see People v Smith, 194 AD3d 767, 768). Moreover, although an offender's response to treatment, if exceptional, may be the basis for a downward departure, here, the defendant failed to establish that his response to sex offender treatment was, in fact, exceptional (see People v Peaks, 207 AD3d at 483; People v Smith, 194 AD3d at 768). Further, the defendant failed to present evidence demonstrating how additional therapeutic programs, educational courses, and vocational achievements not taken into account by the Guidelines established a lower likelihood of reoffense or danger to the community (see People v Abdullah, 210 AD3d 704; People v Adams, 174 AD3d 828, 829-830; People v Daley, 164 AD3d 931, 932).
Contrary the defendant's contention, his score of 75—the lowest possible score within level two—does not demonstrate that a downward departure should have been granted (see People v Saunders, 209 AD3d 776, 778; People v Nicholson, 195 AD3d 758, 759).
Accordingly, the Supreme Court properly denied the defendant's request for a downward departure.
BRATHWAITE NELSON, J.P., MALTESE, FORD and VOUTSINAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court