People v Moore (2024 NY Slip Op 00441)

People v Moore

2024 NY Slip Op 00441

Decided on January 31, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 31, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
WILLIAM G. FORD
HELEN VOUTSINAS
LOURDES M. VENTURA, JJ.

2023-04914

[*1]The People of the State of New York, respondent,
v
Anson Moore, appellant.

Clare J. Degnan, White Plains, NY (Salvatore A. Gaetani of counsel; Sav Eli Ackerman on the brief), for appellant.
Miriam E. Rocah, District Attorney, White Plains, NY (Virginia A. Marciano and Raffaelina Gianfrancesco of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Westchester County (Susan Cacace, J.), dated November 16, 2022, which, after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
In 1985, the defendant sexually assaulted and murdered a 17-year-old girl whom he had lured into a motel room and choked with a belt. After a jury trial, the defendant was convicted of three counts of murder in the second degree (one count of intentional murder and two counts of felony murder), burglary in the first degree, and sexual abuse in the first degree. The defendant was sentenced, as a second violent felony offender, to concurrent indeterminate terms of imprisonment of 25 years to life on each conviction of murder in the second degree, 12½ to 25 years on the conviction of burglary in the first degree, and 3½ to 7 years on the conviction of sexual abuse in the first degree. Prior to his release from prison, the Supreme Court conducted a hearing pursuant to the Sex Offender Registration Act (Correction Law art 6-C). The court assessed the defendant a total of 150 points, resulting in a presumptive risk level three designation. The court also applied an automatic override to a presumptive risk level three designation on the basis that the defendant caused the victim's death (see Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 3 [2006] [hereinafter Guidelines]). The court denied the defendant's application for a downward departure from the presumptive risk level and designated him a level three sex offender. On appeal, the defendant challenges the denial of his application for a downward departure.
"A defendant seeking a downward departure from [the] presumptive risk level has the initial burden of '(1) identifying, as a matter of law, an appropriate mitigating factor, namely, a factor which tends to establish a lower likelihood of reoffense or danger to the community and is of a kind, or to a degree, that is otherwise not adequately taken into account by the . . . Guidelines; and (2) establishing the facts in support of its existence by a preponderance of the evidence'" (People v Umanzor, 189 AD3d 1479, 1480, quoting People v Wyatt, 89 AD3d 112, 128; see Guidelines at 4; People v Gillotti, 23 NY3d 841, 861). "If the defendant makes that twofold showing, the court must exercise its discretion by weighing the mitigating factor to determine whether the totality of the circumstances warrants a departure to avoid an overassessment of the defendant's dangerousness and risk of sexual recidivism" (People v Brocato, 188 AD3d 728, 728-729; see People v Gillotti, 23 NY3d at 861).
Contrary to the defendant's contention, his rehabilitation, as evidenced by his completion of therapeutic programs, educational courses, and vocational achievements, did not constitute a mitigating factor that warranted a downward departure from the presumptive risk level (see People v Rucano, 213 AD3d 709, 710). The defendant's completion of a sex offender treatment program while incarcerated was a factor adequately taken into account by the Guidelines (see id. at 710; People v Smith, 194 AD3d 767, 768). Moreover, although an offender's response to treatment, if exceptional, may be the basis for a downward departure, here, the defendant failed to establish that his response to sex offender treatment was, in fact, exceptional (see People v Peaks, 207 AD3d 482, 483; People v Smith, 194 AD3d at 768). Further, the defendant failed to present evidence demonstrating how additional therapeutic programs, educational courses, and vocational achievements not taken into account by the Guidelines established a lower likelihood of reoffense or danger to the community (see People v Rucano, 213 AD3d at 710; People v Abdullah, 210 AD3d 704; People v Adams, 174 AD3d 828, 829-830; People v Daley, 164 AD3d 931, 932).
The alleged support provided by the defendant's family was adequately taken into account by the Guidelines (see People v Rucano, 213 AD3d at 710; People v Parisi, 212 AD3d 666, 668; People v Taylor, 199 AD3d 845, 846). Moreover, the defendant failed to demonstrate how his family support system established a lower likelihood of reoffense or danger to the community (see People v Koiki, 214 AD3d 1006, 1007; People v Parisi, 212 AD3d at 668).
In any event, the egregious nature of the defendant's underlying crimes outweighs any mitigating factor that would warrant a downward departure to a risk level one or two designation (see People v Abdullah, 210 AD3d at 706; People v Madison, 98 AD3d 573).
Accordingly, the Supreme Court properly designated the defendant a level three sex offender.
IANNACCI, J.P., FORD, VOUTSINAS and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court