People v Mulvihill
2026 NY Slip Op 03327
May 27, 2026
Appellate Division, Second Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

The People of the State of New York, respondent,
v
Dylan Mulvihill, appellant.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department
Decided on May 27, 2026
2025-03428
Valerie Brathwaite Nelson, J.P.
Paul Wooten
Laurence L. Love
James P. McCormack, JJ.

Laurette D. Mulry, Riverhead, NY (Genevieve M. Cahill of counsel), for appellant.
Raymond A. Tierney, District Attorney, Riverhead, NY (Christopher Turk of counsel), for respondent.

[*1]
DECISION & ORDER
Appeal by the defendant from an order of the County Court, Suffolk County (Karen M. Wilutis, J.), dated March 14, 2025, which, after a hearing, designated him a level two sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
The defendant was convicted, upon his plea of guilty, of possessing a sexual performance by a child. After a hearing pursuant to the Sex Offender Registration Act (SORA) (Correction Law art 6-C), the County Court assessed the defendant a total of 80 points on the risk assessment instrument, denied the defendant's application for a downward departure from the presumptive risk level, and designated him a level two sex offender. The defendant appeals.
The defendant challenges the assessment of points under risk factor 11 for a history of drug abuse. In establishing a defendant's risk level pursuant to SORA, the People "bear the burden of proving the facts supporting the determinations sought by clear and convincing evidence" (Correction Law § 168-n[3]; see People v Mizrahi, 237 AD3d 980, 980-981; People v McGee, 197 AD3d 513, 513). Here, the People established by clear and convincing evidence that the defendant had a history of drug abuse within the meaning of risk factor 11. The People submitted the defendant's admissions that he began smoking marijuana at the age of 13, smoked marijuana daily for several years, and was smoking marijuana frequently until the time of his arrest. Additionally, the People submitted other evidence of drug abuse and evidence that the defendant's prior convictions included driving a vehicle while impaired by drugs. Accordingly, the County Court did not err in assessing points under risk factor 11 (see People v Miles, 232 AD3d 917, 918; People v Robinson, 231 AD3d 754, 755; People v Bullock, 217 AD3d 886, 887; People v Lyons, 199 AD3d 722, 723-724, People v Perry, 165 AD3d 990, 991).
Furthermore, the County Court properly denied the defendant's application for a downward departure from his presumptive risk level. Although it has been recognized that the assessment of points under risk factors 3 and 7 might result in an overassessment of the risk posed to the community by an offender whose crimes were the possession of images depicting child sexual abuse (see People v Gillotti, 23 NY3d 841, 860), a downward departure is not warranted here, given, among other things, that the defendant was not assessed points under risk factor 7 and considering [*2]the number and nature of the images and video files possessed by the defendant (see People v Hammack, 225 AD3d 795, 796; People v Carman, 194 AD3d 760, 763, affd 38 NY3d 972). Moreover, the defendant failed to demonstrate how the support of his family established a lower likelihood of reoffense or danger to the community (see People v Rucano, 213 AD3d 709, 710; People v Peaks, 207 AD3d 482, 483; People v Saintilus, 169 AD3d 838, 839). Accordingly, the County Court properly designated the defendant a level two sex offender.
BRATHWAITE NELSON, J.P., WOOTEN, LOVE and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court