People v Boynton (2020 NY Slip Op 05238)





People v Boynton


2020 NY Slip Op 05238


Decided on September 30, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 30, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
HECTOR D. LASALLE
BETSY BARROS
LINDA CHRISTOPHER, JJ.


2018-14472

[*1]People of State of New York, respondent,
v
Duquane Boynton, appellant. Warren M. Silverman, Kew Gardens, NY, for appellant.


Melinda Katz, District Attorney, Kew Gardens, NY (John M. Castellano, Johnnette Traill, and William H. Branigan of counsel; Victoria Randall on the brief), for respondent.



DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Queens County (Richard Buchter, J.), dated November 1, 2018, which, after a hearing, designated the defendant a level two sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
The defendant was convicted, upon his plea of guilty, of promoting prostitution in the second degree. In this proceeding pursuant to the Sex Offender Registration Act (see Correction Law art 6-C; hereinafter SORA), the defendant challenges his designation as a level two sex offender.
In establishing a defendant's risk level under SORA, the People have the burden of proving the facts supporting the determination sought by clear and convincing evidence (see Correction Law § 168-n[3]). "SORA adjudications, by design, are typically based on documentary evidence under the statute's 'reliable hearsay' standard. Case summaries and [Presentence Investigation (hereinafter PSI)] reports meet that standard" (People v Diaz, 34 NY3d 1179, 1181; see People v Mingo, 12 NY3d 563, 572).
We agree with the Supreme Court's determination to assess 30 points against the defendant under risk factor 9 for a prior violent felony. The assessment of these points was supported by clear and convincing evidence in the record, including the PSI report and case summary, which revealed a prior youthful offender adjudication for robbery in the first degree (see People v Francis, 30 NY3d 737, 739-740). At the SORA hearing, the defendant did not submit any evidence or testimony contradicting the information contained in the PSI report or case summary (see People v Diaz, 34 NY3d at 1181).
Accordingly, we agree with the Supreme Court's designation of the defendant as a level two sex offender.
DILLON, J.P., LASALLE, BARROS and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court