People v Battle (2021 NY Slip Op 01792)





People v Battle


2021 NY Slip Op 01792


Decided on March 24, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 24, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
SYLVIA O. HINDS-RADIX
FRANCESCA E. CONNOLLY
ANGELA G. IANNACCI, JJ.


2014-05895

[*1]People of State of New York, respondent,
v
Mark Battle, appellant.


Janet E. Sabel, New York, NY (Adrienne M. Gantt of counsel; Patrick Monaghan on the brief), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Morgan J. Dennehy, and Arieh Schulman of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Kings County (Dineen Riviezzo, J.), dated May 23, 2014, which, after a hearing, designated him a level two sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
In this proceeding pursuant to the Sex Offender Registration Act (Correction Law art 6-C; hereinafter SORA), the Supreme Court denied the defendant's request for a downward departure from his presumptive risk level and designated him a level two sex offender (see Correction Law § 168-n). On appeal, the defendant argues that the court erred in denying his request for a downward departure.
Contrary to the defendant's contention, he failed to establish his entitlement to a downward departure from his presumptive risk level. A defendant seeking a downward departure from the presumptive risk level has the initial burden of "(1) identifying, as a matter of law, an appropriate mitigating factor, namely, a factor which tends to establish a lower likelihood of reoffense or danger to the community and is of a kind, or to a degree, that is otherwise not adequately taken into account by the [SORA] Guidelines; and (2) establishing the facts in support of its existence by a preponderance of the evidence" (People v Wyatt, 89 AD3d 112, 128; see Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 4 [2006] [hereinafter Guidelines]). Here, the defendant failed to identify an appropriate mitigating factor not taken into account by the Guidelines, as his prior conviction for a nonsexual crime was properly addressed under risk factor 9 (see People v Sincerbeaux, 27 NY3d 683, 689; Guidelines at 13-14).
Accordingly, the Supreme Court properly denied the defendant's request for a downward departure from the presumptive risk level and designated him a level two sex offender.
RIVERA, J.P., HINDS-RADIX, CONNOLLY and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court