People v Otero (2024 NY Slip Op 06584)

People v Otero

2024 NY Slip Op 06584

Decided on December 24, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 24, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
CHERYL E. CHAMBERS
CARL J. LANDICINO
LAURENCE L. LOVE, JJ.

2018-09316

[*1]The People of the State of New York, respondent,
v
Camilo Otero, appellant.

Twyla Carter, New York, NY (Elizabeth B. Emmons of counsel), for appellant.
Michael E. McMahon, District Attorney, Staten Island, NY (Thomas B. Litsky and Timothy Pezzoli of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Richmond County (Alan J. Meyer, J.), dated July 18, 2018, which, after a hearing, designated him a level two sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
In this proceeding pursuant to the Sex Offender Registration Act (Correction Law art 6-C; hereinafter SORA), the Supreme Court assessed the defendant 85 points on the risk assessment instrument, denied his application for a downward departure from the presumptive risk level, and designated him a level two sex offender. The defendant appeals, challenging the assessment of 30 points under risk factor 9 (number and nature of prior crimes) and the denial of his application for a downward departure from the presumptive risk level.
"In establishing a defendant's risk level pursuant to SORA, the People bear the burden of establishing the facts supporting the determinations sought by clear and convincing evidence" (People v Gurley, 216 AD3d 1007, 1008; see Correction Law § 168-n[3]).
The Supreme Court properly assessed 30 points under risk factor 9 for the commission of a prior violent felony based upon the defendant's youthful offender adjudication (see People v Kennedy, 160 AD3d 671; People v Francis, 137 AD3d 91, 92, affd 30 NY3d 737). The assessment of these 30 points was supported by clear and convincing evidence in the record, including the presentence investigation report and case summary, which revealed a prior youthful offender adjudication for robbery in the first degree (see People v Boynton, 186 AD3d 1729, 1730). Contrary to the defendant's contention, the court properly assessed 30 points despite the fact that the youthful offender adjudication was for a nonsexual offense (see People v Sincerbeaux, 27 NY3d 683, 689; People v Battle, 192 AD3d 1049, 1050).
"As a general matter, a defendant seeking a downward departure from the presumptive risk level has the initial burden of '(1) identifying, as a matter of law, an appropriate mitigating factor, namely, a factor which tends to establish a lower likelihood of reoffense or danger to the community and is of a kind, or to a degree, that is otherwise not adequately taken into account by the Guidelines; and (2) establishing the facts in support of its existence by a preponderance of the evidence'" (People v Fernandez, 219 AD3d 760, 762, quoting People v Wyatt, 89 AD3d 112, 128; [*2]see Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 4 [2006] [hereinafter Guidelines]). "'If the defendant makes that twofold showing, the court must exercise its discretion by weighing the mitigating factor to determine whether the totality of the circumstances warrants a departure to avoid an overassessment of the defendant's dangerousness and risk of sexual recidivism'" (People v Fernandez, 219 AD3d at 763, quoting People v Tirado, 165 AD3d 991, 992).
Here, the defendant failed to establish that the assessment of points under risk factor 9 for his prior youthful offender adjudication resulted in an overassessment of his risk level. Contrary to the defendant's contention, the temporal remoteness of his prior youthful offender adjudication was adequately taken into account by risk factor 10 (recency of prior felony or sex crime) under the Guidelines (see People v Medina, 209 AD3d 775, 776).
While a defendant's response to sex offender treatment may qualify as a ground for a downward departure where the response is "exceptional" (Guidelines at 17), the defendant failed to establish by a preponderance of the evidence that his "response to treatment, while positive, was exceptional" (People v Coleman, 225 AD3d 792, 794 [internal quotation marks omitted]; see People v Smith, 194 AD3d 767, 768). Additionally, the alleged mitigating factors identified by the defendant, including his expressed remorse, specialized supervision, access to a supportive family, and gainful employment, were adequately taken into account by the Guidelines (see People v Ramirez, 214 AD3d 1008, 1010; People v Alleyne, 212 AD3d 660, 661-662; People v Saunders, 209 AD3d 776, 778; People v Barrott, 199 AD3d 1029, 1030).
Accordingly, the Supreme Court properly designated the defendant a level two sex offender.
BRATHWAITE NELSON, J.P., CHAMBERS, LANDICINO and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court