People v Mizrahi (2025 NY Slip Op 02227)

People v Mizrahi

2025 NY Slip Op 02227

Decided on April 16, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 16, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
LINDA CHRISTOPHER
LILLIAN WAN
DONNA-MARIE E. GOLIA, JJ.

2024-07139

[*1]The People of the State of New York, respondent,
v
Lipa Mizrahi, appellant.

James D. Licata, New City, NY (Lois Cappelletti of counsel), for appellant.
Thomas E. Walsh II, District Attorney, New City, NY (Kerianne Morrissey of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from an order of the County Court, Rockland County (Kevin F. Russo, J.), dated July 3, 2024, which, after a hearing, designated her a level three sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
The defendant was convicted, upon her plea of guilty, of criminal sexual act in the first degree. After a hearing pursuant to the Sex Offender Registration Act (Correction Law art 6-C; hereinafter SORA), at which the defendant challenged the assessment of points under risk factors 5, 9, and 12, the County Court assessed the defendant a total of 120 points on the risk assessment instrument (hereinafter RAI) and designated her a level three sex offender. The defendant appeals.
In establishing a defendant's risk level pursuant to SORA, the People bear the burden of establishing the facts supporting the determinations by clear and convincing evidence (see id. § 168-n[3]; People v McGee, 197 AD3d 513, 513). "In assessing points, evidence may be derived from the defendant's admissions, the victim's statements, evaluative reports completed by the supervising probation officer, parole officer, or corrections counselor, case summaries prepared by the Board of Examiners of Sex Offenders [hereinafter the Board], or any other reliable source, including reliable hearsay" (People v Crandall, 90 AD3d 628, 629; see Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 5 [2006]; People v Diaz, 34 NY3d 1179, 1181).
Here, the People provided reliable hearsay evidence in the form of the case summary and RAI prepared by the Board and the presentence investigation report, among other things, and at the SORA hearing, the defendant did not submit any evidence or testimony contradicting the information contained therein (see People v Diaz, 34 NY3d at 1181; People v Boynton, 186 AD3d 1729, 1730).
With regard to risk factor 5, the County Court properly assessed the defendant 20 points, as the case summary and the presentence investigation report constituted reliable hearsay evidence establishing the victim's age by clear and convincing evidence (see People v Garcia, 178 AD3d 1097, 1097).
Moreover, the County Court properly assessed the defendant 30 points under risk factor 9 for a prior conviction of a sex crime. The assessment of these points was supported by clear and convincing evidence in the record, including the case summary and the presentence investigation report, which revealed a prior 2015 conviction in Virginia for sexual abuse against a child, in violation of Virginia Code Ann § 18.2-67.4:2, which includes all of the essential elements of the New York offense of sexual abuse in the second degree (Penal Law § 130.60[2]; see People v Boynton, 186 AD3d at 1730; People v Smith, 175 AD3d 572, 573).
Further, the County Court properly assessed the defendant 15 points under risk factor 12, as the People presented clear and convincing evidence by providing the case summary and the presentence investigation report evidencing that she did not genuinely accept responsibility for her conduct (see People v Cotugno, 224 AD3d 786, 786) and refused sex offender treatment (see People v Murphy, 68 AD3d 832, 833). The People also presented evidence of statements she made during her interview with the Department of Probation, recounted in the presentence investigation report and the case summary, indicating that she denied her culpability (see People v Gonzalez, 194 AD3d 1083, 1083).
Accordingly, the County Court properly designated the defendant a level three sex offender.
BARROS, J.P., CHRISTOPHER, WAN and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court